975 So.2d 27 (2007)
STATE of Louisiana
v.
Leroy CAREY.
No. 07-KA-674.
Court of Appeal of Louisiana, Fifth Circuit.
December 27, 2007.
*28 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Thomas J. Butler, Jacquelyn Maloney, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Bruce G. Whittaker, Attorney at Law, Louisiana Appellate Project, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS, and GREG G. GUIDRY.
EDWARD A. DUFRESNE, JR., Chief Judge.
The Jefferson Parish District Attorney filed a bill of information charging defendant, Leroy Carey, with possession with intent to distribute cocaine, in violation of LSA-R.S. 40:967 A. At the arraignment, defendant pled not guilty. He thereafter filed a motion to suppress evidence which was heard and denied. On March 11, 2003, the matter proceeded to trial before a twelve person jury. After considering the evidence presented, the jury found defendant guilty as charged. On March 24, 2003, the trial judge sentenced defendant to fifteen years at hard labor. On the same date, the state filed a multiple offender bill of information alleging defendant to be a second felony offender based on a prior conviction of distribution of cocaine. After being advised of his multiple offender rights, defendant admitted to the allegations contained therein. The trial court then vacated defendant's original sentence and imposed an enhanced sentence of fifteen years at hard labor without the benefit of probation or suspension of sentence and without the benefit of good time. Defendant now appeals challenging the sufficiency of the evidence used to convict him.

FACTS
On August 21, 2002, Agents Curtis Matthews and Darryl Delsa of the Jefferson Parish Sheriff's Office Narcotics Division, participated in a search of defendant's residence. The search was conducted pursuant to consent which was given by defendant's girlfriend. After this consent was given, defendant led the officers to the cocaine, which was located in a jacket pocket inside a closet in the master bedroom.[1] *29 The police officers then searched other portions of the residence and recovered a black razor blade case containing razor blades, some Ziploc baggies, and some paperwork from a nightstand in the master bedroom. During the course of the search, defendant gave a taped statement to the officers after being advised of his rights. In the statement, defendant admitted that the cocaine was his and further admitted that the razor blades and Ziploc baggies were used for bagging the cocaine.
At trial, Charles Krone, a forensic scientist with the Jefferson Parish Sheriff's Office, testified as an expert in the field of identification of controlled dangerous substances. In connection with this case, he examined the white powder substance that was recovered from defendant's residence. Mr. Krone testified that his testing of the substance proved positive for cocaine. He further testified that it had a gross weight of 14.48 grams.[2]

SUFFICIENCY OF THE EVIDENCE
On appeal, defendant challenges the sufficiency of the evidence used to convict him. Specifically, he does not contest that he possessed the cocaine, but rather claims the state failed to prove that he possessed it with the intent to distribute.
The standard of review for the sufficiency of evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).
In this case, defendant was charged with possession with intent to distribute cocaine, in violation of LSA-R.S. 40:967. To prove that offense, the state was required to show that the defendant knowingly and intentionally possessed the drug, and that he did so with the specific intent to distribute it. State v. Clark, 05-61 (La.App. 5 Cir. 06/28/05), 909 So.2d 1007, 1011-12, writ denied, 05-2119 (La.3/17/06), 925 So.2d 538.
Specific criminal intent is "that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." LSA-R.S. 14:10(1). The intent to distribute may be established by proving circumstances surrounding the defendant's possession which give rise to reasonable inferences of intent to distribute. Factors that may give rise to a reasonable inference that a defendant had the specific intent to distribute include: 1) previous attempts to distribute; 2) whether the drug was in a form consistent with distribution to others; 3) the amount of the drug; 4) expert or other testimony showing the amount found in the defendant's possession to be inconsistent with personal use only; and 5) paraphernalia evidencing an intent to distribute. State v. Quest, 00-205 (La.App. 5 Cir. 10/18/00), 772 So.2d 772, 786, writ denied, 00-3137 (La.11/2/01), 800 So.2d 866.
On appeal, defendant does not challenge that he possessed the cocaine; rather he claims that the cocaine was for his personal use and that the state failed to prove that he possessed the cocaine with the intent to distribute. To support this *30 argument, defendant points to several alleged deficiencies in the state's evidence. First, he claims that although evidence was presented that the cocaine recovered from defendant's jacket was packaged in plastic bags, the state did not present evidence that this form of packaging was in any way associated with distribution. Next, defendant contends that the state failed to produce evidence that the amount of cocaine was such to create a presumption of possession with intent to distribute. Defendant further claims that the state did not present any expert testimony indicating that the amount of cocaine possessed by defendant was inconsistent with possession for personal use.
We have reviewed all the arguments presented by defendant relating to the sufficiency of the evidence and find them to be without merit. Although the state did not offer proof of all five factors,[3] we find, nonetheless, that the evidence presented by the state was sufficient to prove possession with intent to distribute. At trial, Agents Curtis Matthews and Darryl Delsa testified that they participated in the search of defendant's residence after receiving consent from defendant's girlfriend. Defendant, who was present at the time, led the officers to the cocaine which was located in a jacket pocket inside a closet in the master bedroom. During a subsequent search of the bedroom, the police also recovered a black razor blade case containing razor blades, some Ziploc baggies and some paperwork belonging to defendant. During this search, defendant, after being advised of his rights, gave a taped statement to Agent Matthews. This statement, in which defendant admitted that the cocaine was his, was played for the jury. In the statement, defendant further admitted that the razor blades and the Ziploc baggies were used for bagging the cocaine. Further, the state presented the expert testimony of Charles Krone, a forensic scientist for the Jefferson Parish Sheriff's Office. He testified that he examined the white powder substance recovered from defendant's residence. His testing revealed that the substance was positive for cocaine hydrochloride and that it had a gross weight of 14.48 grams. Mr. Krone also detailed the packaging of cocaine. He testified that the evidence consisted of seven plastic bags, and each of the seven plastic bags contained smaller knotted plastic bags which contained cocaine. Mr. Krone testified that there were a total of 65 smaller bags.
Viewing this evidence in the light most favorable to the prosecution, we find that a rational trier of fact could conclude that the state proved, beyond a reasonable doubt, that defendant was guilty of possession with intent to distribute cocaine. Accordingly, the arguments raised by defendant in this assigned error are without merit.

ERROR PATENT REVIEW
We have also reviewed the record for errors patent in accordance with LSC.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals that the trial court erred in ordering that defendant's multiple offender sentence be served without benefit of good time. Although defendant is apparently ineligible for good time credit, the trial court, with certain exceptions, has no *31 role in determining eligibility for diminution of sentence. See LSA-R.S. 15:571.3 and State v. Hotard, 04-1092 (La.10/15/04), 885 So.2d 533. Therefore, we amend defendant's sentence to delete the denial of good time diminution.
For the reasons set forth herein, we affirm defendant's conviction and sentence, as amended.
CONVICTION AFFIRMED, SENTENCE AMENDED AND CONFIRMED.
NOTES
[1] Prior to this search, defendant had been stopped by New Orleans police officers in Orleans Parish. These officers transported defendant to his Jefferson Parish residence.
[2] This weight included the weight of the plastic baggies that the cocaine was packaged in.
[3] We acknowledge that the state did not offer proof of each of the five factors that may give rise to a reasonable inference of intent to distribute. However, there is no requirement that all five factors be present. See State v. Lassere, 95-1009 (La.App. 5 Cir. 10/1/96), 683 So.2d 812, writ denied, 96-2655 (La.4/18/97), 692 So.2d 445, and State v. Washington, 03-1135 (La.App. 5 Cir. 1/27/04), 866 So.2d 973.