WALTER J. ROTHSCHILD, Judge.
12Pefendant, Lawrence Mitchell, a.k.a. Vernon Jones, was charged with armed robbery in violation of LSA-R.S. 14:64. Defendant pled not guilty at his arraignment. On March 24, 2005, defendant withdrew his not guilty plea and pled guilty as charged under the provisions of North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In accordance with the plea agreement, the district court sentenced defendant to 30 years at hard labor without benefit of parole, probation, or suspension of sentence. The court ordered that the sentence run concurrently with sentences it imposed in other cases that day. The judge noted that pursuant to the plea agreement, the State would refrain from filing a habitual offender bill of information.
| aDefendant filed an application for post-conviction relief in the district court requesting an out-of-time appeal. On April 11, 2008, the district court issued an order granting defendant an out-of-time appeal.

*747
FACTS

The facts regarding the charged offense can be found in the factual basis offered by the prosecutor at the time of the Alford plea:
In 04-1745, had this matter gone to trial, the state would have proven that on February the 2nd, 2004 at approximately 10:42 p.m. this defendant robbed the business of The Discount Stop located at 3016 Cleary Avenue in Metairie. The cashier and victim, Diana McBride related to the police officers that she was standing behind the counter at a cash register when the defendant entered the business and approached her; he asked to purchase a pack of cigarettes, and as she attempted to get them, the subject demanded that she give him the money from the register. The subject stated, “I need the money and I need it now.”
The defendant then walked around the counter to where the victim McBride was standing and produced a flat-tipped screwdriver. The defendant again demanded money. The victim, being in fear for her safety, backed away from the register. The defendant attempted to open the register, to no avail, where upon he again demanded the victim to open the register. She opened the register, at which time the defendant removed $280.00 in cash and fleck
The defendant was positively identified in a photographic lineup by the victim and later the defendant confessed to the crime.

ANDERS BRIEF

Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990),[1] appointed appellate counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 [per curiam], asserting that she has thoroughly reviewed the trial court record and cannot find |4any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.

DISCUSSION

In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[2] The request must be accompanied by ‘ “a brief referring to anything in the record that might arguably support the appeal” ‘ so as to prqvide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In State v. Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or *748 objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” State v. Jyles, supra.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal | .qis wholly frivolous. State v. Bradford, 95-929 at 4, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
Defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel points out that there are no pre-trial rulings from which defendant might appeal. She further notes that the district court fully informed defendant of his constitutional rights and of the consequences of waiving those rights and pleading guilty. Appellate counsel acknowledges that defendant may not challenge his sentence on appeal, since it was agreed upon as part of a plea bargain.
Appellate counsel has filed a motion to withdraw as attorney of record stating she has complied with the provisions of Anders and Jyles, and that she has notified defendant of his right to file a pro se brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he would have until September 15, 2008 to file a pro se supplemental brief. Defendant filed a timely pro se brief raising two assignments of error. Those assignments are discussed below.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. When a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal | r,or post-conviction relief. State v. Wingerter, 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664.
The record does not reflect that defendant filed any pre-trial motions. Therefore, as appellate counsel notes, there are no district court rulings defendant could have preserved for appeal under the holding in State v. Crosby, 338 So.2d 584 (La. 1976).
The record shows the district court properly advised defendant of his right to a jury trial, his right of confrontation, and his privilege against self-incrimination, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The judge also explained to defendant the offense with which he was charged and the sentencing range for that offense. The judge ascertained that defendant had a high school education, that he understood his rights, and that he wished to waive those rights and plead guilty. Additionally, defendant, his attorney, and the judge signed a waiver of rights form which enu *749 merated defendant’s rights and detailed the sentence he would receive pursuant to his plea agreement.
Defendant offered his plea under North Carolina v. Alford, 400 U.S. at 38, 91 S.Ct. at 167 n. 10, which requires the establishment of a factual basis for the plea when a defendant protests his innocence but determines that a guilty plea is in his best interest. As delineated above under the statement of facts, we find the prosecutor offered a factual basis for the plea sufficient to satisfy the Alford requirements.
Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, defendant’s conviction and sentence are affirmed and appellate counsel’s motion to withdraw as attorney of record is granted.
| ^DISCUSSION OF PRO SE ASSIGNMENTS
By pro se brief, defendant first complains his appointed counsel in the district court was ineffective in several respects. Defendant argues his guilty plea was not knowing and voluntary because his attorney failed to properly inform him of the consequences of his plea, and counsel coerced him to plead guilty by informing him he would receive a life sentence if he elected to go to trial. Defendant further argues his appointed counsel was ineffective in that he failed to object to the factual basis the prosecutor offered the court under Alford,, when the prosecutor’s statement was inaccurate in several respects. Defendant submits his appointed counsel failed to adequately investigate his case after private counsel withdrew, and that this was another factor that contributed to the involuntariness of his guilty plea. Finally, defendant complains appointed counsel failed to file pre-trial motions to suppress identification and statements where the photographic identification obtained by police was tainted, and where his statements to police were the fruits of an illegal arrest.
The Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution safeguard a defendant’s right to effective assistance of trial counsel. According to the United States Supreme Court’s opinion in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant asserting an ineffective assistance claim must show: 1) that defense counsel’s performance was deficient; and 2) that the deficiency prejudiced the defendant. The defendant has the burden of showing that “there is a reasonable probability that, but for counsel’s unprofessional errors, the results of the proceeding would have been different. A reasonable probability is a probability | asufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.
Generally, an ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the district court, where a full evidentiary hearing can be conducted, rather than by direct appeal. State v. Taylor, 04-346, p. 10 (La.App. 5 Cir. 10/26/04), 887 So.2d 589, 595. When the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised in an assignment of error on appeal, it may be addressed in the interest of judicial economy. Id. Where the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings under LSA-C.Cr.P. arts. 924-930.8. State v. Taylor, supra.
*750 In the instant case, the record is insufficient to allow a review of defendant’s ineffective assistance claims on appeal. Since defendant’s conviction resulted from a guilty plea, the only transcript in the record is that of the plea hearing. It is impossible to determine, based on the limited record on appeal, whether defendant’s district court counsel used coercion to induce a guilty plea, whether counsel adequately investigated and prepared defendant’s case, or whether counsel was deficient in failing to file suppression motions. Defendant’s claims would be more appropriately raised in an application for post-conviction relief in the district court, where a full evidentiary hearing can be conducted and defendant can present evidence to support his allegations.
In a similar case, State v. Kron, 07-1024 (La.App. 5 Cir. 3/25/08), 983 So.2d 117, writ denied, 08-0813 (La.10/24/08), 992 So.2d 1039, the defendant filed a pro se brief in which he argued his attorneys were ineffective because they failed to investigate his case or to formulate a defense to prove his innocence. The defendant’s Igbrief detailed facts and witnesses defendant claimed could have discredited the version of events presented by the police. The defendant complained that his attorneys failed to file any pretrial motions or to request any evidentiary hearings. He specifically alleged his attorneys should have filed a motion to suppress because his arrest and the officers’ subsequent discovery of evidence were the result of an illegal investigatory stop. This Court determined the record was insufficient to address the defendant’s claims, since the only transcript contained in the record was that of the plea hearing. Id., 07-1024 at 11-12, 983 So.2d at 123. This Court relegated the defendant’s claims to post-conviction proceedings. See also, State v. Stewart, 03-976 (La.App. 5 Cir. 12/30/03), 862 So.2d 1271,1277-78.
Since the appeal record is insufficient to address the merits of defendant’s ineffective assistance claims relating to coercion by district court counsel, counsel’s failure to investigate, to formulate a defense, and to file and pursue pre-trial suppression motions, defendant should raise those claims in an application for post-conviction relief in the trial court.
Defendant next contends that he was exposed to a broken plea bargain. He argues he was misled by his attorney, the prosecutor, and the district court judge to believe he would receive “good time” credit on his 30-year sentence as part of his plea agreement. Because the instant conviction is his second for a crime of violence[3] as currently defined by LSA-R.S. 14:2 B, (and as defined by LSA-R.S. 14:2(13) at the time of defendant’s offense) defendant is prohibited from earning “good time.” LSA-R.S. 15:571.3 D provides, “Diminution of sentence shall not be | inaIIowed an inmate in the custody of the Department of Public Safety and Corrections if the instant offense is a second offense crime of violence as defined by *751 R.S. 14:2(B).” The instant offense, armed robbery, is listed under LSA-R.S. 14:2 B (and formerly under LSA-R.S. 14:2(13)) as a crime of violence. Additionally, on the day defendant pled guilty to the instant offense, he pled guilty to five counts of first degree robbery in a separate case. First degree robbery is also designated as a crime of violence under LSA-R.S. 14:2 B, and was formerly designated as a crime of violence under LSA-R.S. 14:2(13). Defendant thus has two convictions for crimes of violence. Since he cannot legally earn the “good time” credit he believes he was promised, defendant moves this Court either to allow him to withdraw his guilty plea or to order that his sentence be reduced so it ends at his parole eligibility date.[4]
A plea bargain is viewed as a contract between the State and one accused of a crime. State v. Roberts, 07-493, p. 5 (La.App. 5 Cir. 11/27/07), 973 So.2d 791, 794. In determining the validity of agreements not to prosecute or of plea agreements, Louisiana courts generally refer to rules of contract law, while recognizing at the same time that a criminal defendant’s constitutional right to fairness may be broader than his or her rights under contract law. State v. Louis, 94-0761, p. 7 (La.11/30/94) 645 So.2d 1144, 1148; Roberts, supra. The validity of any guilty plea depends on the circumstances of the case. State v. Filer, 00-0073 (La.6/30/00), 762 So.2d 1080 [per curiam].
The first step under contract law is to determine whether a contract was formed in the first place through offer and acceptance. The party demanding performance of a contract has the burden of proving its existence. State v. Louis, ┴1194-0761 at 10, 645 So.2d at 1149. It must also be determined whether the contract had a lawful cause or object. Under the Louisiana Civil Code, “an obligation cannot exist without a lawful cause.” LSA-C.C. art. 1966. See State v. Hines, 07-313, p. 3 (La.App. 5 Cir. 11/27/07), 970 So.2d 707, 709. “The cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy.” LSA-C.C. art. 1968. See State v. Hines, supra.
It is well settled that a guilty plea is constitutionally infirm when a defendant is induced to enter that plea by a plea bargain or by what he justifiably believes was a plea bargain and that bargain is not kept. State v. Dixon, 449 So.2d 463, 464 (La.1984). Under substantive criminal law, there are two alternative remedies available for a breach of a plea bargain: (1) specific performance of the agreement; or (2) nullification or withdrawal of the plea. State v. Roberts, 07-493 at 6, 973 So.2d at 794. In the context of plea bargains, a defendant may demand specific performance of the state’s promise if he can show that the parties reached an agreement, that he performed his part of the agreement, and that in doing so, he relinquished a fundamental right. Louis, 94-0761 at 9-10, 645 So.2d at 1149-50. See also, State v. Tanner, 425 So.2d 760, 763 (La.1983).
The record in this case does not show that defendant was promised “good time” eligibility as part of his plea agreement or that the State has violated the terms of the plea agreement. The waiver of rights *752 form, the commitment, and the guilty plea transcript show the trial court instructed defendant that if he pled guilty to the armed robbery charge, he would be sentenced to serve 30 years at hard labor without benefit of parole, probation, or suspension of sentence. Defendant was told he would receive credit for time served. In exchange for his guilty plea, the State agreed not to file a habitual offender bill of information. Defendant indicated h2he understood and accepted those terms. The judge then sentenced defendant according to the enumerated terms. Defendant does not cite to anything in the record that indicates “good time” eligibility was part of the plea agreement, nor does there appear to be a mention of “good time” in the guilty plea documents or the Boykin colloquy.
In any case, the promise of “good time” would not constitute a “lawful cause” under contract law, since the trial court did not possess the authority to authorize “good time” eligibility for defendant. See LSA-R.S. 15:571.3 C; State v. Hotard, 04-1092 (La.10/15/04), 885 So.2d 533 [per curiam]. See also, State v. Carey, 07-674, p. 6 (La.App. 5 Cir. 12/27/07), 975 So.2d 27, 30-31. The trial court, with certain exceptions, has no role in determining eligibility for diminution of sentence. The statute governing such credit is directed exclusively to the Department of Corrections. Id. Based on the foregoing, we fail to find that defendant is entitled to the relief he requests.

ERROR PATENT DISCUSSION

The record was reviewed for errors patent. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Wetland, 556 So.2d 175 (La.App. 5 Cir. 1990). We have failed to discover errors which require corrective action.

DECREE

Accordingly, for the reasons assigned herein, defendant’s conviction and sentence are affirmed. Appellate counsel’s motion to withdraw is granted.

AFFIRMED; MOTION TO WITHDRAW GRANTED.

. The procedure set forth in Benjamin for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.

. The United States Supreme Court most recently reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. As defendant points out, the district court failed to comply with LSA-C.Cr.P. art. 890.1 A, which provides that "fw]hen the court imposes a sentence, the court shall designate whether the crime involved is a crime of violence as defined or enumerated in R.S. 14:2(B).” The court’s omission is harmless, since the legislative intent behind Article 890.1 A is to put the Department of Corrections on notice of defendants' "good time” eligibility, and armed robbery is clearly designated as a crime of violence under LSA-R.S. 14:2 B. That statutory designation is sufficient to put the Department of Corrections on notice as to defendant's "good time” eligibility. See State v. Allen, 99-2898 (La.6/16/00), 762 So.2d 615 [per curiam]; State v. Mourra, 06-133, p. 8 (La.App. 5 Cir. 8/29/06), 940 So.2d 29, 33, n. 4.

. Although defendant believes he is eligible for parole, LSA-R.S. 14:64 requires that all armed robbery sentences be served without benefit of parole, probation, or suspension of sentence. The judge explained this to defendant at his guilty plea proceedings, and defendant indicated that he understood. Also, the court explicitly imposed the sentence without benefits.