WILLIAMS, J.
 

 | ,The defendant, Henry Ellis Armstrong, Jr., was charged by bill of information with one count of simple robbery, a violation of LSA-R.S. 14:65, and one count of possession of drug paraphernalia, a violation of LSA-R.S. 40:1023. Prior to trial, the counts were severed and a jury found the defendant guilty of simple robbery. The trial court sentenced the defendant to serve 7 years’ imprisonment at hard labor and advised him that the sentence was not subject to diminution for good behavior. Defendant appeals his sentence as excessive. For the following reasons, defendant’s conviction and sentence are affirmed.
 

 FACTS
 

 In January 2009, during a narcotics investigation by the Monroe Police Department, an undercover officer was driving a vehicle with other officers concealed in the back seat. Eventually, the defendant approached and agreed to provide the officer with one rock of crack cocaine for $20. Defendant said that he would get the drugs while the officer drove around the block. When the officer returned, defendant walked to the vehicle’s front passenger window and asked for the money. When the officer displayed a $20 bill, the defendant leaned into the vehicle and grabbed the money from the officer’s hand, but gave nothing in return. After the officer indicated he had been robbed, the uniformed officers exited the vehicle and arrested the defendant. After being advised of his Miranda rights, the defendant stated that he did not have any crack, but had been trying to get cash by pretending to have drugs and then taking the potential buyer’s money. A crack pipe was found on defendant’s person during a search. He 12was charged with one count of simple robbery and one count of possession of drug paraphernalia.
 

 Subsequently, the charge of possession of drug paraphernalia was severed. After a jury trial on the charge of simple robbery, the defendant was found guilty as charged. The trial court sentenced the defendant to serve 7 years at hard labor and advised him that the sentence was not subject to diminution for good behavior. This appeal ensued.
 

 DISCUSSION
 

 The defendant contends the trial court erred in advising him that the sentence was not subject to diminution for good behavior. Defendant argues that his 7-year sentence is excessive if he is also denied eligibility for good time.
 

 Except as otherwise provided by law, every inmate in the custody of the department of corrections who has been convicted of a felony and sentenced to imprisonment for a stated number of years may earn a diminution of sentence by good
 
 *1077
 
 behavior and performance of work or self-improvement activities, to be known as “good time.” LSA-R.S. 15:571.3(B)(1). Diminution of sentence shall not be allowed an inmate in the custody of the department of corrections if the instant conviction is a second offense crime of violence as defined by R.S. 14:2(B).
 

 In imposing sentence in this case, the trial court stated:
 

 It is therefore the sentence of this court that the defendant, Henry Ellis Armstrong, Jr., be sentenced to seven years imprisonment at hard labor and he’s to be given credit for time served since the date of the arrest on January 22, 2009. Mr. Armstrong, you will not be eligible for diminution of sentence for good behavior based on the fact that you have | smore than two prior felony convictions. But this sentence has not been enhanced under the habitual offender laws [.]
 

 Apparently, in making the above statement, the trial court was merely expressing its belief that the defendant’s pri- or convictions would make him ineligible for diminution of sentence. Whatever the intent of the statement, we note that the district court has no role in determining eligibility for diminution of sentence pursuant to LSA-R.S. 15:571.3.
 
 State v. Hotard,
 
 04-1092 (La.10/15/04), 885 So.2d 533;
 
 State v. Carey,
 
 07-674 (LaApp. 5th Cir.12/27/07), 975 So.2d 27. The department of corrections shall determine the defendant’s eligibility for diminution of sentence as directed by the statute.
 
 See State v. Smith,
 
 2000-1681 (La.2/2/01), 777 So.2d 1223;
 
 State v. Narcisse,
 
 97-3161 (La.6/26/98), 714 So.2d 698;
 
 State v. Bra-ziel,
 
 42,668 (La.App.2d Cir.10/24/07), 968 So.2d 853. The record shows that neither the judgment of sentence nor the court minutes reflect any denial of the defendant’s eligibility for good time. As a result, we need not amend the sentence.
 

 In his appellate brief, the defendant also argues that the sentence imposed is constitutionally excessive because the goals of punishment could be achieved with a less harsh sentence. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The second inquiry is whether the sentence imposed is too severe considering the circumstances of the case and the defendant’s background. A sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more |4than a purposeless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1. A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion we will not set aside a sentence as excessive.
 
 State v. Guzman,
 
 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158;
 
 State v. June,
 
 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939. The penalty for simple robbery is imprisonment with or without hard labor for not more than 7 years, or a fine of not more than $3,000, or both. LSA-R.S. 14:65.
 

 Prior to imposing sentence, the district court reviewed a presentence investigation report, which included the facts of the case and defendant’s social history. The court considered the sentencing guidelines of Article 894.1 and found that defendant is in need of a custodial environment provided by his commitment to an institution and that a lesser sentence would deprecate the seriousness of his crime. In addition, the court noted that defendant is a 7th felony offender with a “substantial” criminal history, including prior convictions for posses
 
 *1078
 
 sion of cocaine in 1995 and 2002 and attempted simple burglary in 1998. The court stated that defendant had refused to accept responsibility for his conduct in committing this crime despite the clear evidence of his guilt.
 

 The record demonstrates that the district court was cognizant of the appropriate factors in determining the defendant’s sentence. The court adequately articulated the factual basis for the imposition of this sentence, which is neither grossly disproportionate to the severity of the offense committed nor an abuse of the court’s discretion. Thus, we cannot say the | ¡^sentence is constitutionally excessive. The assignment of error lacks merit.
 

 We have examined the record for error patent and found none.
 

 CONCLUSION
 

 For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
 

 AFFIRMED.