HANS J. LILJEBERG, Judge.
| ^Defendant appeals his convictions and sentences for simple burglary of an inhabited dwelling and illegal possession of stolen things valued at more than $500 but less than $1,500. For the following reasons, we affirm defendant’s convictions and his multiple offender sentence on count one. We vacate defendant’s sentence on count two and remand for re-sentencing.

*815
PROCEDURAL HISTORY

On February 27, 2012, defendant, Kerry Martin, was charged by bill of information with simple burglary of an inhabited dwelling in violation of La. R.S. 14:62.2 (count one) and illegal possession of stolen things, valued at more than $500 but less than $1,500, in violation of La. R.S. 14:69 (count two). He initially pled not guilty. On May 7, 2012, defendant withdrew his not guilty plea and pled' guilty as charged. Defendant was sentenced to ten years imprisonment at hard labor on each count, to run concurrently, with the first year of the sentence on count one to be served without benefit of probation, parole, or suspension of sentence.
On that same date, the State filed a multiple offender bill of information alleging defendant to be a second felony offender. Defendant stipulated to the allegations of the multiple bill. Defendant’s original sentence on count one was | svacated, and he was resentenced, as a second felony offender, to ten years imprisonment at hard labor. The trial court also ordered the multiple offender sentence on count one to run concurrently with the sentence on count two and with a misdemeanor sentence in another case. Defendant sought and was granted an out-of-time appeal by the trial court.

FACTS

Defendant pleaded guilty and did not proceed to trial. Therefore, the following facts were taken from the bill of information: On or about December 22, 2011, defendant committed simple burglary of the inhabited dwelling and structure located at 4717 Hessmer Street in Metairie, which was the home or place of abode of Conrad Frey. On that same date, defendant also intentionally possessed an Apple iPad, valued at over $500 but less than $1,500, belonging to Michael and/or Barbara Fitzgerald and which defendant knew or had reason to know had been the subject of a robbery or theft.

LAW AND DISCUSSION

On appeal, defendant asserts that he received ineffective assistance of counsel when his counsel failed to test any of the State’s claims before advising him to plead guilty. Specifically, defendant argues that defense counsel: failed to file any motions other than the standard IDB omnibus motions, failed to request any pre-trial hearings, failed to require a preliminary or evidentiary hearing where officers could be cross-examined, failed to contest the validity of the State’s evidence, failed to question whether there was probable cause to arrest defendant or search his vehicle, failed to question whether defendant’s statement was free and voluntary, failed to adequately consult with defendant and protect his interests, and failed to explore defendant’s contentions that the evidence against him was illegally obtained.
| ¿Defendant further contends that an ev-identiary hearing should have been held on his suppression issues. He argues that his right to a fair trial was violated by the exclusion of his suppression issues. Defendant concludes that because he received ineffective assistance of counsel, he is entitled to withdraw his guilty pleas.
The Sixth Amendment to the United States Constitution and Article 1, § 13 of the Louisiana Constitution safeguard a defendant’s right to effective assistance of trial counsel. State v. Thomas, 12-1410, p. 5 (La.9/4/13), 124 So.3d 1049, 1053. According to the United States Supreme Court’s opinion in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant asserting an ineffective assistance claim must show: 1) that defense counsel’s performance was deficient and 2) that the deficiency prejudiced the defendant. The defendant has *816 the burden of showing that “there is a reasonable probability that, but for counsel’s unprofessional errors, the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.
Generally, an ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the district court, where a full evidentiary hearing can be conducted, rather than by direct appeal. State v. Jones, 13-99, p. 10 (La.App. 5 Cir. 8/27/13), 123 So.3d 758, 765. However, when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised in an assignment of error on appeal, it may be addressed in the interest of judicial economy. Id. Where the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings under LajsC.Cr.P. arts. 924-930.8. State v. Taylor, 04-346, p. 10 (La.App. 5 Cir. 10/26/04), 887 So.2d 589, 595.
In State v. Mitchell, 08-629, pp. 7-9 (La.App. 5 Cir. 1/13/09), 7 So.3d 744, 749-50, writ denied, 09-254 (La.10/30/09), 21 So.3d 270, the defendant argued that defense counsel failed to properly inform him of the consequences of his plea, failed to adequately investigate his case, and failed to file pre-trial motions to suppress. This Court found that the record was insufficient to allow a review of the defendant’s ineffective assistance claims on appeal because his convictions resulted from a guilty plea, and the only transcript in the record was that of the plea hearing. Mitchell, 08-629 at 11, 7 So.3d at 750. This Court further found that based on the limited record on appeal, whether counsel adequately investigated and prepared the defendant’s case or was deficient in failing to file suppression motions, would be more appropriately raised in an application for post-conviction relief in the district court, where a full evidentiary hearing could be conducted, and the defendant could present evidence to support his allegations. Id.
In State v. Kron, 07-1024, p. 15 (La.App. 5 Cir. 3/25/08), 983 So.2d 117, 123, writ denied, 08-813 (La.10/24/08), 992 So.2d 1039, the defendant argued that his attorneys were ineffective because they failed to investigate his case or to formulate a defense to prove his innocence. In his brief, the defendant set forth facts and witnesses he claimed could have discredited the version of events presented by the police. He claimed that his attorneys should have filed a motion to suppress, because his arrest and the subsequent discovery of evidence were the result of an illegal investigatory stop. On review, this Court found that the record was insufficient to address the defendant’s claims of ineffective assistance of counsel, because his conviction resulted from a guilty plea and the only transcript in the record was that of the plea hearing. Kron, 07-1024 at 16, 983 So.2d at 123. | fiThis Court further stated that defendant’s claim should be considered through postconviction proceedings. Id.
In the present case, considering that defendant’s conviction resulted in a guilty plea and the only transcript in the record is that of the plea hearing, the record is insufficient to fully explore defendant’s claims, which included that his trial counsel was ineffective for failing to adequately investigate and prepare his case and was deficient in failing to file and pursue suppression motions. Based on the limited record on appeal, we find that defendant’s ineffective assistance of counsel *817 claims would be more appropriately raised in an application for postconviction relief in the trial court, where a full evidentiary hearing can be conducted, if necessary, and defendant can present evidence to support his allegations.

ERRORS PATENT

We reviewed the record for errors patent in accordance with La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). We note one error requiring corrective action.
A review of the record reveals that defendant’s sentence on his conviction for illegal possession of stolen things valued at $500 or more but less than $1,500 (count two) is illegally excessive. La. R.S. 14:69(B)(2) provides that “[w]hen the value of the stolen things is five hundred dollars or more, but less than one thousand five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than five years, or may be fined not more than two thousand dollars, or both.” Defendant was sentenced to ten years imprisonment at hard labor on each count. Thus, on count two, defendant was sentenced to five years more than the term allowed by law. Accordingly, we vacate defendant’s |7sentence on count two and remand the matter to the trial court with instructions to resentence defendant in accordance with La. R.S. 14:69(B)(2).
We decline to address any errors noted in the State of Louisiana Uniform Commitment Order, because the trial court will prepare a new Uniform Commitment Order after re-sentencing on count two.

DECREE

For the foregoing reasons, we affirm defendant’s convictions on both counts, and his multiple offender sentence on count one. We vacate defendant’s sentence on count two and remand for re-sentencing.

CONVICTIONS AFFIRMED: SENTENCE ON COUNT ONE AFFIRMED: SENTENCE ON COUNT TWO VACATED; REMANDED FOR RE-SENTENCING ON COUNT TWO.

WICKER, J., concurs with reasons.