FREDERICKA HOMBERG WICKER, Judge.
|2In this criminal appeal, defendant claims that he was denied his constitutional right to effective assistance of counsel at the trial level in connection with' his guilty plea to armed robbery in violation of La. R.S. 14:64. Defendant claims that his trial counsel was ineffective for failing to reserve defendant’s right to appeal the trial court’s denial of his motion to suppress his statement, pursuant to State v. Crosby.[1] For the following reasons, we find defendant has failed to meet his burden to prove ineffective assistance of counsel. Accordingly, defendant’s conviction and sentence are affirmed.

STATEMENT OF THE CASE

On April 7, 2011, a Jefferson Parish Grand Jury returned an indictment charging defendant, Timón Carto, with second degree murder of Jose Guevara in | sviolation of La. R.S. 14:30.1.[2] On April 11, 2011, defendant was arraigned and pled not guilty. Defendant filed a pre-trial motion to suppress his statement, which the trial court denied.[3] On August 9, 2012, defendant withdrew his not guilty plea and tendered a plea of guilty to an amended charge of armed robbery in violation of La. R.S. 14:64. The trial judge sentenced defendant to twenty-five years at hard labor without the benefit of probation, parole, or suspension of sentence. Defendant did not file a timely appeal.
On July 14, 2014, defendant filed an application for post-conviction relief requesting an out-of-time appeal, which the trial court granted on August 14, 2014.

FACTS

Defendant pled guilty without proceeding to trial. Accordingly, the facts in this case are derived from the bill of indictment, the factual basis for the plea provided by the state during the guilty plea colloquy, and the testimony and evidence *839 presented at the hearing on defendant’s motion to suppress.
The original bill of indictment charged defendant with second degree murder of Jose Guevara in violation of La. R.S. 14:30.1. The state, pursuant to the plea agreement, subsequently amended the bill to charge defendant with armed robbery in violation of La. R.S. 14:64. Ón August 9, 2012, the date that defendant pled guilty, the state provided a factual basis for the plea. The state informed the trial judge that, should the matter proceed to trial, it would present witnesses and evidence to prove that defendant was in a stolen vehicle when he and his co-defendants decided to rob a group of Hispanic men, who were sitting outside of a residence on Orange Blossom Lane in Harvey, to obtain gas money. During the Rrobbery, defendant obtained things of value from the victims and further discharged a weapon as he fled the scene. Following a police chase, defendant was arrested, advised of and waived his rights, and provided a statement to investigating officers.
In defendant’s statement, introduced into evidence at the suppression hearing, defendant admitted his involvement in the armed robbery. Defendant admitted to being present and in possession of a firearm during the robbery and further admitted to discharging the firearm in the victims’ direction as he fled the scene.

LAW AND ANALYSIS

In this appeal, defendant claims that he was denied his constitutional right to effective assistance of trial counsel. Specifically, defendant claims that his trial counsel was ineffective for failing to reserve defendant’s right to appeal the trial court’s denial of his motion to suppress his statement, in accordance with State v. Crosby, supra.
On April 12, 2011, defendant filed a motion to suppress the statement that he provided to investigating officers on the night of his arrest. Defendant, who was fifteen years old at the time of his arrest, argued that he provided his statement to investigating officers under the promise that he would be prosecuted as a juvenile and not as an adult.
The trial court conducted a hearing on defendant’s motion.[4] At the hearing, Detective Rhonda Goff with the Jefferson Parish Sheriffs Office testified that she advised defendant of his Miranda[5] rights prior to taking his statement. She further testified that Mr. Michael Robinson, who identified himself as defendant’s | ¡^stepfather, and defendant’s mother; Chasity Butler, were present at the time that defendant was provided the juvenile waiver of rights form. She testified that she interviewed defendant’s mother and reviewed the juvenile rights form with her prior to presenting defendant with the form. She further testified that she never asked defendant specific questions concerning the crime at issue without a parent or guardian present. Detective Goff testified that Mr. Robinson was present during the “pre-interview and taped statement” but that defendant’s mother was not present in the conference room at that time because she was “stressed and worried under the-circumstances.”
Detective Goff testified that she did not promise anything, of value to defendant for providing a statement. She further testified that she never promised defendant that he would be prosecuted as a juvenile. *840 Rather, Detective Goff testified that she discussed many factors that defendant “had going in his favor[,]” including his age. Detective Goff stated that she told defendant that whether his case would be heard in juvenile court or adult court, however, “depended on a lot of things, including his criminal record.... ” Detective Goff testified that it was not “up to” her to determine whether defendant would be prosecuted in juvenile or adult court.
The juvenile waiver of rights form was introduced into evidence at the suppression hearing. The responses to all questions on the side of the form completed by defendant indicate affirmative “yes” responses, including question number six, which asked whether “any threats or promises [had] been made to you” or “any pressure of any kind to try and get you to answer questions or waive your rights.” Defendant argued at the suppression hearing that this affirmative response indicated that defendant had been promised that he would be prosecuted as a juvenile if he waived his rights and provided a statement to investigating | f,officers. Detective Goff was questioned concerning the form and testified that defendant simply “went straight down the line and wrote initials by ‘yes,’ ” indicating that defendant mistakenly responded affirmatively to that question. She again reiterated that she never made any promises to defendant concerning how he would be prosecuted in connection with the crime.
Mr. Michael Robinson testified on behalf of the defense. He testified that Detective Goff explained defendant’s rights to him and defendant and that he understood those rights as explained. He testified that Detective Goff advised him that defendant had the right to have an attorney present during questioning and further that an attorney would be provided at no cost to defendant. He stated that Detective Goff further advised him that defendant had the right to stop answering questions at any time. He stated that Detective Goff never threatened him or defendant nor did she promise any money or anything of value in exchange for defendant’s statement. However, Mr. Robinson testified that Detective Goff told him that defendant would be prosecuted as a juvenile. Mr. Robinson testified that he asked Detective Goff “is he really going to get juvenile life[?] and she said she is going to see.” Mr. Robinson then testified that Detective Goffs “exact words” were that she “was going to see to it that he got juvenile life” and that she was “not going to let them try [him] as an adult.”
The trial judge took the matter under advisement and, on January 23, 2014, denied defendant’s motion to suppress his statement. On August 9, 2012, defendant entered into a plea agreement with the state wherein the state agreed to amend the charge from second degree murder to armed robbery and defendant pled guilty to the amended charge and was sentenced to twenty-five years at hard labor in accordance with the plea agreement. In this appeal, defendant’s sole assignment of error is that he was denied constitutionally effective assistance of trial' counsel. 17Specifically, defendant claims that his counsel was ineffective for failing to reserve his right to appeal the trial court’s denial of his motion to suppress his statement.
A criminal defendant is entitled to effective assistance of counsel under the Sixth Amendment.to the United States Constitution and Article I, § 13 of the Louisiana Constitution. State v. Johnson, 08-1156 (La.App. 5 Cir. 4/28/09), 9 So.3d 1084, 1092, writ denied, 09-1394 (La.2/26/10), 28 So.3d 268. When a defendant seeks reversal of a conviction based upon allegations of ineffective assistance of *841 counsel, he must satisfy both prongs of the two-part test set forth in. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).
First, a defendant must show that counsel “committed errors so serious that he or she was not functioning as the ‘counsel’ guaranteed a defendant by the Sixth Amendment.” State v. Ruffin, 02-798 (La.App. 5 Cir. 12/30/02), 836 So.2d 625, 635, citing Strickland, supra. Second, a defendant must show that counsel’s deficient performance prejudiced the outcome of the proceedings and was “so serious as to deprive the defendant of a fair trial” Id. In order to show prejudice on an ineffective assistance of counsel claim, a defendant must demonstrate that but for counsel’s deficient performance, the outcome of the proceedings would have been different. State v. Martin, 14-671 (La.App. 5 Cir. 12/23/14), 167 So.3d 813, 2014 WL 7338515. Therefore, in this case, defendant must show that, had counsel reserved his right to appeal the suppression ruling, there is a reasonable probability that he would have prevailed on appeal. See also Smith v. Robbins, 528 U.S. 259, 285-86, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).
A claim for ineffective assistance of counsel is most properly addressed through an application for post-conviction relief filed in the trial court, where a full evidentiary hearing can take place. State v. Washington, 03-1135 (La.App. 5 Cir. 1/27/04), 866 So.2d 973, 983. However, where the record on appeal contains sufficient evidence to rule on the merits of the ineffective assistance of counsel claim and the issue is properly raised by the defendant on appeal, the appellate court may address the claim on appeal in the interest of judicial economy. In this case, we find the record sufficient to properly address defendant’s claim of ineffective assistance of counsel.
Ordinarily, when a defendant enters a guilty plea, he waives all pre-plea nonjurisdictional defects. State v. Fontenberry, 09-127 (La.App. 5 Cir. 10/27/09), 27 So.3d 904, 908. However, in State v. Crosby, supra, the Louisiana Supreme Court determined that the Louisiana courts of appeal may review assignments of error specifically reserved at the time a guilty plea is made and “where the trial court accepted the guilty plea so conditioned.” Id. The ruling at issue in this case, which defendant claims should have been reserved for appellate review, is the trial court’s denial of defendant’s motion tó suppress his statement provided to investigating officers following his arrest.
Before an inculpatory statement made during a custodial interrogation may be introduced into evidence, the state must prove beyond a reasonable doubt that the defendant was first advised of his Miranda rights, that he voluntarily and intelligently waived his Miranda rights, and that the statement was made freely and voluntarily and not under the influence of fear, intimidation, menaces, threats, inducement or promises. La. R.S. 15:451; State v. Franklin, 03-287 (La.App. 5 Cir. 9/16/03), 858 So.2d 68, 70, writ denied, 03-3062 (La.3/12/04), 869 So.2d 817; State v. Mollette, 08-138 (La.App. 5 Cir. 11/25/08), 2 So.3d 461, 467. Testimony of the interviewing police officer alone may be sufficient proof that a defendant’s statement was freely and voluntarily given. State v. Earls, 12-448 (La.App. 5 Cir. 12/11/12), 106 So.3d 1149, 1158.
|9The admissibility of a confession is a question for the trial court. State v. Allen, 06-778 (La.App. 5 Cir. 4/24/07), 955 So.2d 742, 748. The determination of voluntariness is made on a case-by-case basis and rests on the trial judge’s consideration of the totality of the circumstances. *842 State v. Gregory, 05-628 (La.App. 5 Cir. 3/28/06), 927 So.2d 479, 483.
The trial court’s determination of admissibility of a statement, and its conclusions on the credibility and weight of the testimony relating to the voluntariness of the confession or statement, are entitled to great weight and will not be overturned unless unsupported by the evidence. State v. Allen, 955 So.2d at 752; State v. Mollette, 2 So.3d at 469.
At the suppression hearing, the trial judge was presented with conflicting testimony and evidence. Mr. Robinson testified that Detective Goff promised defendant that he would be prosecuted as a juvenile if he provided a statement and pointed to the affirmative response provided on the juvenile waiver of rights form concerning promises made prior to the statement. Detective Goff, however, testified that, although she discussed defendant’s age with him, she informed defendant that whether he would be prosecuted in juvenile or adult court “depended on a lot of things.... ” Detective Goff testified at the hearing that she never promised defendant anything in exchange for his statement. She further testified that the affirmative responses provided by defendant on the juvenile waiver of rights form indicate that defendant mistakenly responded affirmatively to all questions; she again reiterated that she never promised defendant that he would be prosecuted as a juvenile.
Further, defendant’s transcribed statement, introduced into evidence at the suppression hearing, reflects that Detective Goff asked defendant whether the waiver of rights form was explained to him, reiterating his right to an attorney and |inhis right to cease questioning at any time, to which he verbally responded “yes.” Detective Goff further asked defendant if he was giving the statement freely or “of [his] own free will” to which defendant responded “yes.”
The trial judge conducted a lengthy hearing on defendant’s motions to suppress over the course of three days and took the matter under advisement. On January 23, 2012, the trial judge denied defendant’s motion to suppress his statement. Given the conflicting testimony presented at the suppression hearing and the great discretion afforded a trial judge in ruling on a motion to suppress, we cannot say that the trial judge abused his discretion in denying defendant’s motion. See also State v. Carlin, 529 So.2d 1365 (La.App. 5 Cir.1988).
In order to succeed on an ineffective assistance of counsel claim, a defendant must show that his counsel’s performance was deficient and also that, but for counsel’s errors, the outcome of the proceedings would have been different. Strickland, supra. A defendant asserting an ineffective assistance of counsel claim must satisfy both the deficient performance prong as well as the prejudice prong of the Strickland test. State v. Ruffin, 836 So.2d at 635. In this case, because we find that the trial judge did not abuse his discretion in. denying defendant’s motion to suppress, we find that defendant cannot show that he was prejudiced as a result of counsel’s failure to reserve his right to appeal the trial court’s suppression ruling in accordance with State v. Crosby, supra. Accordingly, defendant has not satisfied the prejudice prong of the Strickland test and therefore cannot succeed on his ineffective assistance of counsel claim in this appeal.

ERRORS PATENT

We have reviewed the record for errors patent in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d *843 175 (La.App. 5 Cir.1990). The record in this case reveals no errors patent.

CONCLUSION

Accordingly, for the reasons provided herein, defendant’s conviction and sentence are affirmed.

AFFIRMED

. 338 So.2d 584 (La.1976).

. Defendant was charged with second-degree murder along with co-defendants Alec Johnson and Tyrone Leone (count one). Alec Johnson was also charged with illegal possession of stolen things, a 1998 Ford Explorer, in violation of La. R.S. 14:69 (count two).

. Defendant filed various omnibus pre-trial motions, including motions to suppress the evidence and identification. In this appeal, defendant only complains of the denial of his motion to suppress his statement.

. The trial court conduced hearings on defendant's motions to suppress on November 2, 2011, December 5, 2011, and January 11, 2012.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).