ROBERT A. CHAISSON, Judge.
jjDefendant, Richard Chess, appeals his conviction' and enhanced sentence for resisting a police officer with force or violence. For the' reasons that follow, we affirm defendant’s' conviction" and sentence and grant appellate counsel’s motion to withdraw as attorney of record for defendant.

PROCEDURAL HISTORY

On November 14, 2013, the Jefferson Parish District Attorney filed a bill of information charging defendant with .resisting a police officer with force or violence, in violation of La. R.S. 14:108.2 (count one), and illegal possession of a stolen firearm, in violation of La. R.S. 14:69.1 (count two). At his arraignment on the following day, defendant pled not guilty. On February 13, 2014, defendant withdrew his not guilty pleas and, after being advised of his rights, pled guilty as | .¡charged to count one,[1] In accordance with the plea agreement, the trial judge sentenced defendant to imprisonment at hard labor for three years.[2]
The State then filed a bill of information, pursuant to the provisions of La. R.S. 15:529.1, seeking to have defendant adjudicated a second felony offender. After defendant stipulated to the allegations of the multiple bill, the trial court vacated defendant’s original sentence and resentenced him, in accordance with the plea agreement, to three years at hard labor without *835 benefit of probation or suspension of sentence. . On April 20,2015, defendant filed a “Notice of Out-of-Time Appeal” and an application for post-conviction relief raising claims of ineffective assistance of counsel and improper advisal.of constitutional rights. On April 23, .2015, the trial court granted defendant’s request for an out-of-time appeal.

ANDERS BRIEF

Under the procedure adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[3] appointed appellate counsel has filed-a-brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw' as counsel of record for defendant.
When an Anders brief has been filed, an appellate court-must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are Uno non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. State v. Bradford, 676 So.2d at 1110.
In this case, defendant’s appellate counsel has complied with the procedures for filing an Anders brief. He reviewed the procedural history of the case in his brief and noted the limited facts in light of defendant’s guilty plea. Appellate counsel set forth that, after a careful review of the record, he has found no non-frivolous is-, sues to raise on appeal. Counsel notes that defendant, represented by counsel, entered an unqualified guilty plea to both the original -charge , and the multiple offender bill of information, thereby-waiving all non-jurisdictional defects. Appellate counsel further-.recognizes that defendant did not reserve the right to seek review of any pre-trial rulings, and in fact, he points out that no pre-trial motion hearings vvere conducted. In addition, counsel indicates that no factual basis accompanied defendant’s guilty plea but concludes this failure presents no issue'for appellate review.
In his Anders brief, counsel also discusses the circumstances surrounding defendant’s guilty plea and asserts that defendant understood the nature of the proceeding and the rights he was waiving by pleading guilty. Further, counsel recognizes that the sentence was imposed in accordance with the terms of the plea agreement.
Appellate counsel also - addresses defendant’s claim of ineffective assistance of counsel. As noted by appellate counsel, claims relating to. ineffective assistance of counsel are more appropriately addressed through an application for post-conviction relief filed in the district court, where -a full evidentiary hearing can be conducted, rather than by direct appeal. State v. Martin, 14-671 (La.App. 5 Cir. 12/23/14), 167 So.3d 813, 816. After discussing any potential concerns | ^surrounding defendant’s case, counsel asserts in his appellate brief that he finds no non-frivolous issue upon which to base an appeal.
Along with his brief, appellate counsel has filed a motion to withdraw as attorney *836 of record for defendant, being of the opinion that the appeal is wholly frivolous. He indicates in the motion that he has mailed a copy of his motion to withdraw, the accompanying brief, and the pro se briefing notice to defendant. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until September 4, 2015 to file a pro se supplemental brief. As of this date, defendant has not filed a supplemental brief.
This Court has performed an independent review of the appellate record, including the pleadings, minute entries, bill of information, and transcripts. Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the offense charged. It also sufficiently identified defendant and the crime charged. See La. C.Cr.P. arts. 463-466. Further, as reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings against him, including his arraignment, his guilty plea and sentencing on the resisting a police officer with force or violence charge, and his admission and sentencing on the multiple offender bill of information. In addition, no rulings were preserved for appeal under the holding in State v. Crosby, 338 So.2d 584 (La.1976).[4]
Our review of the record reveals no irregularities in defendant’s guilty plea on either the original or multiple offender bills of information. The record shows Ltliat defendant was aware he was pleading guilty to resisting a police officer with force or violence, a violation of La. R.S. 14:108.2, which occurred on September 19, 2013. Defendant was also properly advised of his Boykin rights.[5] On the waiver of rights form and during the colloquy with the trial court, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination. On the waiver of rights form, defendant initialed next to each of these rights and signed the form, indicating that he understood he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he understood the rights he was waiving by pleading guilty.
Further, during his guilty plea colloquy and in the waiver of rights form, defendant indicated that he had not been forced, coerced, or threatened into entering his guilty plea, that he was satisfied with the way his attorney and the court handled his ease, and that he understood all the possible legal consequences of pleading guilty and wished to plead guilty. Defendant was also informed during the colloquy and in the waiver of rights form of his maximum sentencing exposure and of the actual sentence that would be imposed upon acceptance of his guilty plea. After the colloquy with defendant, the trial court accepted defendant’s plea as knowingly, intelligently, freely, and voluntarily made.
With respect to the multiple offender proceeding, the record shows that defendant was likewise adequately advised of his rights. The waiver of rights form, in conjunction with the colloquy between the trial judge and defendant, indicates that defendant was advised of his right to a hearing at which the State would have to *837 prove his multiple offender status and of his right to remain silent throughout the hearing. Defendant was also advised of the potential sentencing grange as a second felony offender as well as the actual sentence that would be imposed. Defendant indicated that he was satisfied with the way his attorney and the court handled his case and that he had not been forced, threatened, or coerced into stipulating to the multiple bill. Defendant further indicated that he understood the possible legal consequences of pleading guilty and wished to plead guilty. After his exchange with defendant, the trial judge accepted his admission to the multiple bill as knowingly, intelligently, freely, and voluntarily made.
With regard to defendant’s enhanced sentence, we note that it was imposed in accordance with the plea agreement. This Court has consistently recognized that La.C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Moore, 06-875 (La.App. 5 Cir. 4/11/07), 958 So.2d 36, 46. In addition, defendant’s enhanced sentence falls with the sentencing range set forth in the statutes. See La. R.S. 14:108.2 and La. R.S. 15:529.1.
We have also reviewed the record for errors patent and have found none that require corrective action. La.C.Cr.P, art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990).
Based on the foregoing, we find that defendant’s guilty plea to resisting a police officer with force or violence, his multiple offender stipulation, and the enhanced sentence imposed pursuant to the plea agreement do not present any issues for appeal. Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion, we grant appellate counsel’s motion to 18withdraw as attorney of record for defendant, and we affirm defendant’s conviction and sentence.

CONVICTION AND SENTENCE AFFIRMED: MOTION TO WITHDRAW GRANTED

. On. that same.date, the State entered a nolle, prosequi on count two.

. Defendant also pled.guilty to the misdemeanor offense of resisting an officer and was sentenced to six months in parish prison to run concurrently with the sentence imposed in the felony case.

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4th Cir.1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam).

. As noted by appellate counsel, there were apparently no pre-trial motion hearings, and thus, no pre-trial rulings to be challenged.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)