887 So.2d 589 (2004)
STATE of Louisiana
v.
Rene TAYLOR.
No. 04-KA-346.
Court of Appeal of Louisiana, Fifth Circuit.
October 26, 2004.
*590 John M. Crum, Jr., District Attorney, Fortieth Judicial District, Parish of St. John the Baptist, Rodney A. Brignac, Assistant District Attorney, for Plaintiff/Appellee.
*591 Newton K. Muhammad, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY and CLARENCE E. McMANUS.
SOL GOTHARD, Judge.
Defendant, Rene Taylor, appeals his conviction and sentence on a charge of armed robbery in violation of LSA-R.S. 14:64. For reasons that follow, we affirm.
Taylor was charged with the offense by bill of information on September 18, 2002. After being found competent to stand trial, defendant pled not guilty and filed several pre-trial motions, including a motion to suppress his statement which was denied after a hearing. He proceeded to trial on September 9, 2003, and was found guilty as charged by a twelve-person jury. In due course, defendant was sentenced to ten years without benefits. He filed a timely motion for appeal.

FACTS
On August 30, 2002, Officer Darryl Marchand was patrolling Airline Highway near Homewood Place when he saw two black males running eastbound on Airline and two black males running along the side of a gas station building. Officer Marchand turned into the parking lot, at which time one of the black males running on Airline approached, and stated he had just been robbed by two males who ran to the side of the building. Officer Marchand pursued the two suspects on foot. He drew his weapon and called for the suspects to stop. One of the suspects jumped the fence while defendant complied with Officer Marchand's commands. As Officer Marchand approached defendant, he saw defendant drop some money, a red bandana, and a piece of paper which later proved to be a check stub bearing the name of David Singleton. A .20 gauge shotgun was later recovered from a grassy area behind the gas station.
Defendant was arrested and transported to the jail. After being advised of his constitutional rights, defendant gave an inculpatory statement admitting his role in the armed robbery. Defendant stated he and co-defendant, Perry Chopin, were in the Homewood subdivision when they decided to rob someone. He stated Chopin armed himself with a shotgun and gave defendant a 9 mm gun. Defendant explained the victim, David,[1] was sitting in a pickup truck in front of a store when defendant covered his face with a bandana, approached the victim, and pulled a gun. According to defendant, the victim grabbed the gun, at which time Chopin approached with his shotgun. Two people who were with the victim ran, and the victim gave defendant his money. Defendant and Chopin ran away from the scene but were pursued by a police officer. Chopin jumped a fence but defendant was apprehended. Defendant stated he threw the money down when he was ordered to lie on the ground.
Co-defendant, Perry Chopin, testified at trial against defendant. He stated that he was serving a ten-year sentence for the armed robbery he and defendant committed on Homewood. He testified that defendant pointed a 9 mm gun at the victim and took his money. Chopin testified the gun in evidence, a .20 gauge shotgun, belonged to him.
As part of the proof against defendant, the State introduced photographs of the money seized and of the check stub bearing *592 the victim's name. Also introduced into evidence was defendant's statement.

LAW
In brief to this court, defendant assigns five errors. Specifically, defendant asserts that the trial court erred when it violated his Sixth Amendment right to confront his accuser, and allowed the testimony of Detective Royal Burke concerning the confession of defendant without the testimony of the victim. Further, defendant argues that the evidence presented was insufficient to support the conviction and, that he had ineffective assistance of counsel at trial. In the final assignment, defendant requests that this court conduct an errors patent review of the record.
On review of the assignments of error, we find that the assignment relating to the admission of Detective Burke's testimony is essentially an argument based on the issue of whether the State proved that a crime was actually committed. Further, in another assignment, defendant questions the sufficiency of the evidence presented to support the conviction.
When issues are raised on appeal as to one or more trial errors, the reviewing court should first determine sufficiency of the evidence. When the entirety of the evidence, including evidence that was erroneously admitted, is insufficient to support the conviction, the accused must be discharged as to that crime, and any issues regarding trial errors become moot. State v. Harris, 03-1297 (La.App. 5 Cir. 3/30/04), 871 So.2d 599, 605. Because two of the five errors presented for our review relate to the sufficiency of the evidence, we will consider them first.
Armed robbery is "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon." La. R.S. 14:64. To support a conviction for armed robbery, the State must prove 1) a taking, 2) of anything of value, 3) from the person or in the immediate control of another, 4) by the use of force or intimidation, 5) while armed with a dangerous weapon. La. R.S. 14:64; State v. Page, 02-689 (La.App. 5 Cir. 1/28/03), 837 So.2d 165, 175, writ denied, 03-951 (La.11/7/03), 857 So.2d 517. In addition to proving the statutory elements of the charged offense, the State is required to prove the identity of the perpetrator. State v. Vasquez, 98-898 (La.App. 5 Cir. 2/10/99), 729 So.2d 65, 69.
Defendant's argument as to sufficiency is two-fold. He argues first that his uncorroborated confession cannot be used to establish the corpus delicti and second, that the evidence presented did not prove defendant's guilt beyond a reasonable doubt.
The law of corpus delicti was discussed by the Louisiana Supreme Court in State v. Brown, 236 La. 562, 108 So.2d 233, 236 (1959) as follows:
In the trial of every criminal case the State, to warrant a legal conviction of an accused, must prove the corpus delicti, or the fact that a crime has been committed. Without such proof no conviction will be permitted to stand....
....
Suspicion, rumor, gossip, or mere hearsay evidence is not sufficient to establish the proof of corpus delicti.
(Internal citations omitted.)
The corpus delicti must be proven by evidence which the jury may reasonably accept as establishing that fact beyond a reasonable doubt and may be proven by circumstantial evidence. Id. at 236-237. A conviction cannot be based on the extrajudicial confession of the defendant, unless corroborated by independent evidence of *593 the corpus delicti. Id. at 237. When determining the existence of the corpus delicti, the issue is not whether there is sufficient evidence to convict the defendant; but rather, whether there is any evidence at all, independent of the confession, that establishes the fact that a crime was committed. Id. at 237.
Defendant's specific argument in this portion of the discussion is that his confession alone supported the proof of the corpus delicti, in violation of the law. We find that argument unconvincing. Defendant's confession was corroborated by the specific testimony of Perry Chopin, who specifically stated he saw defendant aim a gun at the victim and take his money. Further, Officer Marchand testified the victim reported he had been robbed by two men. We find the officer's testimony combined with the eyewitness testimony of Chopin clearly shows that an armed robbery occurred.
Defendant also seems to suggest the trial court erred in admitting his confession prior to the establishment of the corpus delicti. However, Officer Marchand and Chopin testified prior to the admission of defendant's confession; therefore, the corpus delicti was established prior to the playing of defendant's confession for the jury. Further, it is noted that the order of evidence is within the discretion of the trial court, and there is no requirement the corpus delicti be established prior to the accused's confession being admitted as long as the corpus delicti is established prior to the close of the State's evidence. State v. Mullins, 353 So.2d 243, 246 (La.1977).
Defendant also complains the State failed to establish the corpus delicti because the victim did not testify. There is "no rule [that] requires the State to establish the corpus delicti by no other means than through the testimony of the victim of the crime." State v. Lee, 01-2082 (La.App. 4 Cir. 8/21/02), 826 So.2d 616, 623, writ denied, 02-2549 (La.9/5/03), 852 So.2d 1019. We find no merit to defendant's claim that the evidence is insufficient to support the corpus delicti.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).
As stated above, Chopin testified he saw defendant, while armed with a weapon, take money from the victim. Defendant admitted in his confession that he covered his face with a red bandana, walked up to the victim (whom he identified as "David"), pulled out a gun and demanded the victim's money. Defendant stated the victim complied with the demand, and defendant ran away. Officer Marchand testified that when defendant was apprehended, defendant discarded money and a red bandana. This evidence clearly establishes a thing of value was taken from another.
Although defendant did not challenge his identification as the perpetrator of the crime, it is nonetheless noted that the State proved his identity beyond a reasonable doubt through the testimony of Chopin and defendant's confession. See, State v. Joseph, 01-1211 (La.App. 5 Cir. 4/10/02), 817 So.2d 174, 179, where this Court held that once corpus delicti is independently established, a confession alone may be used to identify the defendant as the perpetrator of the crime.
Because we find no merit in the assignments of error which relate to sufficiency, we now consider the two remaining *594 assignments. In the first, defendant argues his constitutional right to confront his accuser was violated because the victim did not testify at trial.
The Confrontation Clause of the Sixth Amendment to the United States Constitution guarantees the right of an accused in a criminal prosecution "to be confronted with the witnesses against him." This right is given to defendants in state as well as federal criminal proceedings. State v. Robinson, 01-0273 (La.5/17/02), 817 So.2d 1131, 1135. The confrontation clause of the Louisiana Constitution specifically guarantees each accused the right "to confront and cross-examine the witnesses against him." Id. The main purpose of confrontation is to secure the opportunity of cross-examination, which is "the principal means by which believability and truthfulness of testimony are tested." Id. at 1135.
Defendant asserts the information regarding the offense that led to his conviction was provided by the victim. Therefore, defendant reasons he was prejudiced by the failure of the State to present the testimony of the witness at trial where defendant could engage in cross-examination. Specifically, defendant argues he was prejudiced by his inability to cross-examine the victim on issues pertaining to the gun, the money found at the scene, the victim's observations on the day of the offense, and the victim's credibility.
Defendant's assertion that the victim did not testify at trial is correct. To prove its case the State presented the testimony of Officer Darryl Marchand who testified that the victim approached him and stated he had just been robbed by two guys. Officer Marchand explained he asked the victim if the perpetrators were the ones who ran on the side of the building and the victim affirmatively responded. Defendant did not object to this testimony.
At the beginning of the second day of trial and outside the presence of the jury, the State introduced a subpoena issued to David Singleton, the victim, into evidence. The jury was then brought in and the State called for Mr. Singleton to take the stand. There was no response, at which time the State requested the clerk to read aloud the subpoena and return. The return indicated Mr. Singleton did not reside at the address listed in the subpoena. The State then proceeded to call another witness, Detective Royal Burke. Prior to Detective Burke's testimony, defense counsel objected to any portion of Detective Burke's testimony pertaining to defendant's confession on the basis the corpus delicti had not been established. Defense counsel also indicated he would be objecting to the admissibility of the check stub on the ground of hearsay. At no time did defense counsel raise the issue that he was denied his right to confrontation by the failure of the victim to testify.
In order to preserve an issue for appellate review, a party must state an objection contemporaneously with the occurrence of the alleged error, as well as the grounds for the objection. La.C.Cr.P. art. 841. It is well-established that a defendant is limited to the grounds for objection articulated at trial and a new basis for an objection may not be raised for the first time on appeal. State v. Cooks, 97-0999 (La.9/9/98), 720 So.2d 637, 644, cert. denied, 526 U.S. 1042, 119 S.Ct. 1342, 143 L.Ed.2d 505 (1999); State v. Johnson, 03-620 (La.App. 5 Cir. 10/28/03), 860 So.2d 180, 187, writ denied, 03-3171 (La.3/19/04), 869 So.2d 849. The purpose behind the contemporaneous objection rule is to put the trial judge on notice of an alleged irregularity so that he may cure the problem, and to prevent the defendant from gambling on a favorable verdict, then resorting to appeal on errors that might *595 easily have been corrected by an objection. State v. Johnson, supra at 187. Since defendant did not object to the victim's failure to appear or to any testimony on the ground that it violated the confrontation clause of the United States or Louisiana Constitutions, he is precluded from raising the issue on appeal. See State v. Marcantel, 98-825 (La.App. 3 Cir. 12/22/99), 756 So.2d 366, 369-373, writ denied, 00-208 (La.8/31/00), 766 So.2d 1274.
In the fourth assignment of error defendant argues he had ineffective assistance of counsel at trial. Defendant enumerates six allegations in support of this assignment.
1) Defense counsel failed to present a defense after the State rested;
a) Defense counsel failed to call any witnesses;
b) Defense counsel failed to subpoena the victim;
c) Defense counsel failed to give defendant an opportunity to testify on his own behalf;
2) Defense counsel failed to adequately question the State's witnesses on cross-examination;
3) Defense counsel was unprepared for trial;
4) Defense counsel failed to meet with defendant prior to trial to discuss trial strategy;
5) Defense counsel failed to object to inadmissible prejudicial evidence; and,
6) Defense counsel failed to file a motion for reconsideration of sentence.
Generally, a claim for ineffective assistance of counsel is most appropriately addressed through an application for post-conviction relief, filed in the trial court where a full evidentiary hearing can be conducted, rather than by direct appeal. State v. McIntyre, 97-876 (La.App. 5 Cir. 1/27/98), 708 So.2d 1071, 1075, writ denied, 98-1032 (La.9/18/98), 724 So.2d 753. When the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by an assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Peart, 621 So.2d 780, 787 (La.1993); State v. McIntyre, supra. Where the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings under La.C.Cr.P. arts. 924-930.8. State v. Rose, 97-943 (La.App. 5 Cir. 1/27/98), 708 So.2d 1093, 1095.
We have reviewed the allegations of ineffective assistance of counsel made herein and find that there is sufficient evidence to consider some, but not all, of the allegations. We find this assignment of error and its supporting allegations of ineffective assistance of counsel are best considered in their entirety by the trial court on post-conviction relief at an evidentiary hearing. Accordingly, we will not discuss this assignment in this direct appeal.
In his final assignment of error, defendant requests a review of the record for errors patent on the face. We have conducted such a review and find a discrepancy between the minute entry and the sentencing transcript. The sentencing transcript states that defendant's ten-year sentence was imposed "without benefit, per the statute." The minute entry does not contain the restrictive language. When there is an inconsistency between the minute entry and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). It is noted, however, that mandated statutory restrictions on the eligibility of benefits are self-activating and require no action by this court when the trial court fails to impose the *596 sentence with the mandated restriction of benefits. State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790, 798-799; State v. Williams, 03-942 (La.App. 5 Cir. 1/27/04), 866 So.2d 1003, 1016.
For the foregoing reasons the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Defendant stated he recognized the victim as someone he knew after he was apprehended by the police.