JUDE G. GRAVOIS, Judge.
| ¡.Defendant, Aaron Boston, appeals his conviction and sentence for possession of a firearm by a convicted felon. He argues that the trial court erred in denying his motion to withdraw his guilty plea. For the reasons that follow, we affirm defendant’s conviction and sentence.

PROCEDURAL HISTORY

On March 21, 2011, the Jefferson Parish District Attorney filed a bill of information charging defendant, Aaron Boston a.k.a. Aaron Roussell, with possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1. Defendant was arraigned on March 23, 2011 and pled not guilty. On July 26, 2012, defendant withdrew his not guilty plea and pled guilty as charged. On August 2, 2012, defendant made an oral motion to withdraw his guilty plea that was denied. Afterwards, the trial judge sentenced defendant to imprisonment at hard labor for a term of twenty years.
On August 22, 2012, defendant filed a pro se motion for reconsideration of sentence that was denied. On October 12, 2012, defendant filed a pro se “Motion |3to Amend or Modify Sentence, C.Cr.P. art: 822” that was denied. Defendant subsequently filed an application for post-conviction relief on April 8, 2013, which was denied on November 18, 2013. He then filed a writ application in this Court challenging the trial judge’s denial of his application for post-conviction relief. This Court granted defendant’s writ application for the limited purpose of vacating the order denying his application for post-conviction relief and transferring the writ application to the trial court for consideration as an application for post-conviction relief seeking an out-of-time appeal. State v. Boston, 14-KH-159 (La.App. 5 Cir. 3/20/14) (unpublished writ disposition). In response, on April 17, 2014, the trial court granted defendant an out-of-time appeal.

FACTS

Because defendant pled guilty, the facts of his case were not fully developed at a trial. However, the State alleged in the bill of information that on or about February 1, 2011, in Jefferson Parish, defendant violated La. R.S. 14:95.1, convicted felon in possession of a firearm, to wit: a Glock .45 Caliber, Model 12 firearm, located at 16 McGehee Court in Waggaman, Louisiana, after having been previously convicted in Case No. 06-2411, Division “C” of the 24th Judicial District Court for the Parish of *85 Jefferson, State of Louisiana, on June 4, 2009, for violations of La. R.S. 40:966(A) (possession with intent to distribute marijuana) and La. R.S. 40:967(A) (possession with intent to distribute cocaine).
Also, during the guilty plea colloquy, defendant admitted that the weapon in question was found at 16 McGehee[1] Court and that he was in that location at the time the weapon was found, leading to his arrest. He also admitted that he was the same individual who was previously convicted on June 4, 2009 of possession with 14intent to distribute marijuana and cocaine. Additionally, the State said that if the matter had gone to trial, it would have proven beyond a reasonable doubt that defendant had the prior felony convictions detailed in the bill of information and that he knowingly or intentionally possessed the firearm.

ASSIGNMENT OF ERROR NO. ONE

Denial of motion to withdraw guilty plea

In his only assignment of error, defendant argues that the trial court erred by denying his motion to withdraw his guilty plea. He contends that his guilty plea was not knowingly and intelligently entered because his trial counsel failed to adequately discover and understand his status as a multiple offender and because his multiple bill status remains unclear.
Under La.C.Cr.P. art. 559(A), the trial court may permit a defendant to withdraw his guilty plea at any time before he is sentenced. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[2] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. McCoil, supra. Even if a defendant has not filed a motion to withdraw his guilty plea, he is not prohibited from challenging a constitutionally infirm guilty plea either by means of appeal or post-conviction relief. Id.
Generally, a denial of a motion to withdraw a guilty plea will not be reversed on appeal if the record clearly shows that the defendant was informed of his rights and the consequences of his plea and that the plea was entered into voluntarily. State v. Kron, 07-1024 (La.App. 5 Cir. 3/25/08), 983 So.2d 117, 120, writ denied, 08-813 (La.10/24/08), 992 So.2d 1039. A mere change of heart or mind by the defendant as to whether he made a good bargain will not ordinarily support allowing the withdrawal of a bargained guilty plea. Id. Without fraud, intimidation or incompetence of counsel, a guilty plea is not made less voluntary or informed by the considered advice of counsel. Id.
In the instant case, a review of the record indicates that defendant was informed of his rights and the consequences of his plea and that the plea was entered into voluntarily. The record reflects that defendant had the opportunity to review the waiver of rights form in its entirety with his counsel and sign it. The trial *86 judge advised defendant that he had the right to a trial by jury, the right to confront his accusers, the right to remain silent, and the right to not have his silence considered as evidence against him. Defendant indicated that he understood that by pleading guilty, he was giving up those rights. Defendant also indicated that he discussed this matter with his attorney and that he was satisfied with the job his attorney had done in representing him. He denied being under the influence of alcohol or drugs. Defendant stated that he was thirty years old, his date of birth was December 10, 1981, he had completed the ninth or tenth grade, and he knew how to read and write.
The trial judge explained to defendant that he was entering a guilty plea to being a convicted felon in possession of a firearm in violation of La. R.S. 14:95.1, and that whoever was found guilty of violating the provisions of that statute shall be imprisoned at hard labor for not less than ten nor more than twenty years, without the benefit of parole, probation, or suspension of sentence, and fined not less than $1,000.00 nor more than $5,000.00. After-wards, defendant indicated that he understood the nature of the charge against him and the possible penalty.
| (¡When the trial judge asked defendant if he had been forced or coerced into entering a guilty plea, defendant responded affirmatively, explaining that he was innocent, but was pleading guilty because of his attorney, family members, and the district attorney. The trial judge informed defendant that he had the right to a trial, and that if he wanted one, they would call up a jury at that time. The trial judge also informed defendant that he was facing the potential of life imprisonment as a multiple offender, and that the offer in the plea agreement was twenty years. Defendant indicated that he understood the potential penalty, and he wanted to plead guilty. The trial judge advised defendant that if he accepted the guilty plea, the sentence would be twenty years at hard labor without the benefit of probation, parole, or suspension of sentence, to run concurrently with any other sentence he might be serving, with credit for time served. Defendant indicated that he understood. The trial judge reminded defendant, and defendant stated that he understood, that the State had said on the record that it would not file a multiple offender bill of information against defendant.
Defendant said that he understood that he had two years to file for postconviction relief from the date his conviction and sentence became final, and thirty days to appeal his sentence if it was not in conformity with his plea agreement. Defendant indicated that in light of the explanation of the nature and consequences of a guilty plea to this charge, he wished to plead guilty. He also indicated that by entering the guilty plea, he was telling the court that he committed the crime that he was pleading guilty to. Defendant admitted that the weapon in question was found at 16 McGehee Court in Waggaman and that he was in that location at the time he was arrested. He also admitted that he' was the same individual who had previously been convicted on June 4, 2009 of possession with the intent to |7distribute marijuana and cocaine. Defendant also indicated that he believed the guilty plea was in his best interest.
Defense counsel then informed the trial court that he had discussed the potential sentencing ranges resulting from the conviction and the Boykin form with defendant. It was his belief that defendant’s guilty plea was in defendant’s best interest, and was given knowingly and voluntarily.
*87 The trial judge subsequently stated that he was convinced that defendant understood the nature of the charge against him and the possible penalties. The trial judge found that there was a basis for defendant’s entry of the guilty plea and for the court’s acceptance of the plea. Finally, the trial judge said that both defendant and defendant’s attorney had told the court that the guilty plea was in defendant’s best interest, and both provided the court with a factual basis for the guilty plea and for the court’s acceptance of the guilty plea. The trial judge found that defendant was knowingly, intelligently, freely, and voluntarily entering his plea, and he accepted defendant’s guilty plea.
One week after entering his guilty plea, at his scheduled sentencing hearing, defendant orally moved to -withdraw his guilty plea and proceed to trial. At the hearing, defense counsel explained that the basis for withdrawing the plea was that it was defendant’s understanding that he was not a multiple offender facing a life sentence as a third or fourth felony offender. However, defense counsel said that it was his understanding that defendant had numerous convictions and that he was potentially facing a life sentence as a multiple offender. The prosecutor stated that he had the certified documents of defendant’s prior convictions in his office and would go get them prior to proceeding. The trial court denied defendant’s motion to withdraw his plea, stating the following:
|sThe Court’s very familiar with Mr. Boston’s case. Mr. Boston has been through five lawyers so the case had been delayed numerous times because of Mr. Boston changing his mind about things, and the Court is convinced, based upon the documents and the records it has seen, that Mr. Boston was facing a possibility of life imprisonment. That was made aware to Mr. Boston. The Court conducted a colloquy with Mr. Boston and with regard to his guilty plea. During the colloquy, the Court was convinced that Mr. Boston was knowingly, intelligently, freely and voluntarily entering his plea of guilty. He told me that, and Mr. Phillips, on his behalf, as his attorney, you told me that also, that it was in his best interest. He also told me that he’s pleading guilty because he was guilty.
Considering the foregoing and based on the record before us, we find that the trial court did not err in denying defendant’s motion to withdraw his guilty plea. The guilty plea was freely and voluntarily made, and defendant was adequately advised of his Boykin rights.
Defendant appears to also be arguing on appeal that his trial counsel was ineffective for failing to discover and understand his status as a multiple offender. A review of the record before us indicates that on November 7, 2011, at his bond reduction hearing, where defendant was present, the prosecutor said that in addition to the prior convictions for the La. R.S. 14:95.1 charge, defendant had numerous other convictions: simple robbery in 2003; second offense possession of marijuana in 2005; simple escape in 2007; obscenity in 2009; battery on a police officer (misdemeanor); and felony theft in 1999. The trial judge said at that time that he had “a listing of the other 24th Judicial District [sic] cases wherein Mr. Boston was charged and was either convicted or entered pleas of guilty.” At that hearing, the trial judge said that he was familiar with the record in this matter and with defendant’s previous criminal history. However, documentation of defendant’s prior convictions was not admitted into evidence at defendant’s bond reduction, guilty plea, or sentencing hearings, and *88 therefore cannot be reviewed by this Court.
| nUpon review, we find that the record before us does not contain sufficient documentation for us to fully explore defendant’s apparent claim that his trial counsel was ineffective for failing to adequately discover and understand his status as a multiple offender.
Generally, an ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the district court, where a full evidentiary hearing can be conducted, if necessary, rather than on direct appeal. State v. Taylor, 04-346 (La.App. 5 Cir. 10/26/04), 887 So.2d 589, 595. When the record on appeal contains sufficient evidence to rule on the merits of the claim and the issue is properly raised in an assignment of error on appeal, it may be addressed in the interest of judicial economy. Id. However, where the record on appeal does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to postconviction proceedings under La.C.Cr.P. arts. 924-930.8. Id.
Therefore, because the record before us is insufficient to address defendant’s apparent claim of ineffective assistance of trial counsel, the claim should be raised in an application for post-conviction relief in the trial court, where a full evidentiary hearing can be conducted, if necessary, and defendant can present evidence if he has any to support his allegations.

ERRORS PATENT DISCUSSION

The record was reviewed for errors patent, according to La.C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals two patent errors that merit comment.

Patent Error No. One

The transcript reflects that the trial judge did not state that the sentence would be served without the benefit of parole, probation, or suspension of | ^sentence, as required by La. R.S. 14:95.1. Nevertheless, we find that no corrective action is necessary as the sentence is deemed to contain those restrictions. See State v. Williams, 10-265 (La.App. 5 Cir. 11/9/10), 54 So.3d 98, 105-06. Further, it is noted that the transcript reflects that the trial judge advised defendant during the guilty plea colloquy that if he accepted defendant’s plea, the sentence would be imposed without the benefit of parole, probation, or suspension of sentence, which defendant indicated he understood.

Patent Error No. Two

The transcript also reflects that the trial judge failed to impose the mandatory fine of not less than $1,000.00 nor more than $5,000.00, as required by La. R.S. 14:95.1(B). While an appellate court has the authority to correct an illegal sentence, this authority is permissive rather than mandatory. La.C.Cr.P. art. 882. Defendant pled guilty and is indigent, as evidenced by his representation by the Louisiana Appellate Project. As such, even though we find defendant’s sentence illegally lenient because of the lack of a fine, we decline to disturb defendant’s sentence. See State v. McGee, 09-102 (La.App. 5 Cir. 9/29/09), 24 So.3d 235, 242.

CONCLUSION

For the foregoing reasons, defendant’s conviction and sentence are affirmed.

AFFIRMED

. It is noted that the transcript reflects that the weapon was found at 16 “Megehee” Court; however, the bill of information provides that the weapon was found at 16 ''McGehee” Court. For purposes of consistency, the street will be referred to in this opinion as "McGehee” Court.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).