WINDHORST, J.
| defendant, Travis A. Emilien, pled guilty on August 28, 2013, to possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (count one) and attempted armed robbery in violation of La. R.S. 14:27/64 (count two), and was sentenced to twenty years at hard labor on each count, to run concurrently. Immediately after, the defendant stipulated to a multiple bill alleging him to be a second felony offender. The trial court vacated the sentence imposed on count one and resentenced defendant to twenty years, to run concurrently with the sentence on count two. On August 27, 2015, defendant filed an application for post-conviction relief seeking an out-of-time appeal. The trial court granted defendant’s application and this appeal followed.
In this appeal, defense counsel concludes that there are no non-frivolous issues for review, and requests that this Court conduct an error patent review. Defendant has filed a pro se brief in which he alleges that the same conviction was used as a predicate for the underlying La. R.S. 14:95.1 conviction and for his enhanced sentence. He further contends that his attorney was ineffective for failing to investigate whether the State could use the same prior conviction for enhancement under La. R.S. 15:529.1. For the following reasons, we affirm defendant’s convictions and sentences.
FACTS
Because defendant’s convictions were the result of a guilty plea, the facts underlying the crimes of conviction are not fully developed in the record. The amended bill alleges that on January 19, 2012, defendant violated La. R.S. 14:95.1 in that he did have in his possession a firearm, having been previously convicted of the crime of simple burglary, in violation of La. R.S. 14:62 under case number 04-0092 of Division I, and/or La.'R.S. 14:62.2, burglary of an inhabited dwelling in |acase number 01-6520 of Division M, and/or La. R.S. 14:62 simple burglary, in case number 01-6520 of Division M, and/or La. R.S. 14:62 simple burglary in case number 00-5977 of Division E, all in the 24th Judicial District Court of Jefferson Parish.[1] On the same *836 date, the amended bill also indicates that defendant violated La. R.S. 14:27 and La. R.S 14:64 in that he did attempt to rob Sabrina Hampton and/or Church’s Chicken Restaurant while armed with á gun. -
Further, during the guilty plea colloquy, the State provided the following factual basis:
The State would prove at trial that this defendant ... hid in the ceiling of a McDonalds (sic) in Jefferson. Parish, dropped down while armed with a firearm and demanded money. He was unsuccessful in obtaining that money.
Additionally, as to the first Count, which is the 95.1, the State has all the convictions listed as the predicates in the 95.1.
DISCUSSION
Under the procedure adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11, appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and. cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record.
After receiving appellant counsel’s brief and motion to withdraw, this Court performed a full examination of the entire appellate court record to determine whether the appeal is frivolous in accordance with Anders v. California and State v. Jyles. Our independent review of the record in this case consisted of (1) a | .¡review of the bill of information to ensure that defendant was properly charged; (2) a review of all minute entries to ensure that defendant was present at all critical stages of thé proceedings and that the conviction and sentence are legal; and (3) a review of the guilty plea and sentencing transcript to determine if there was an arguable basis for appeal. In our review, we found no non-frivolous issues regarding defendant’s convictions and sentences. A review of the record reveals no constitutional infirmity in defendant’s guilty plea to the charges of convicted felon in possession of a firearm in violation of La. R.S. 14:95.1 and attempted armed robbery in violation of La. R.S. 14:27/64, and no constitutional infirmity in defendant’s stipulation to the multiple bill. Furthermore, defendant’s sentence of twenty years for attempted armed robbery and his enhanced sentence of twenty years for being a felon in possession of a firearm are within the parameters prescribed by statute and were imposed in conformity with a plea agreement set forth in the record at the time of his plea.
Defendant filed a pro se brief in which he presented two assignments of error. The defendant contends that the same conviction was used as a predicate for the underlying La. R.S. 14:95.1 conviction as well as a predicate for his enhanced sentence. He further argues that his defense attorney did not investigate whether the State could use the same prior conviction for enhancement under La. R.S. 15:529.1, in contravention of State v. Baker, 06-2175 (La.10/16/07), 970 So.2d 948.[2]
*837 Defendant’s contention that the same conviction was used as a predicate for both his underlying conviction and enhanced sentenced is not correct. The record reflects the bill of information was amended to remove a predicate from the underlying charge which was later used for the habitual offender enhancement. UThe amended bill of information states that on January 19, 2012, defendant
violated La. R.S. 14:95.1 in that he did have in .his possession, a firearm, having been previously convicted of the crime of simple burglary, in violation of La. R.S. 14:62 under case number 04-0092, Division “I” and/or La. R.S. 14:62.2, burglary of an inhabited dwelling' in case number 01-6520, Division “M” and/or La. R.S. 14:62 simple burglary, in case number 01-6520 Division “M” and/or La. R.S. 14:62 simple burglary in case, number 00-5977, Division “B” in the 24th Judicial District Court of Jefferson Parish.
The multiple offender bill of information states that defendant was duly charged in case number 00-5227, Division “E” of the Twenty-Fourth Judicial District Court of the State of Louisiana, in and for the Parish of Jefferson, with the crime of violating La. R.S. 14:62, Burglary, a felony under the law of Louisiana and that after-wards he pled or was found guilty on the 17th day of May, 2001.
Thus, defendant’s claim that the same conviction was used as a predicate for both his underlying conviction and his multiple offender proceeding is not true.
Additionally, to the extent defendant argues his trial ■ counsel was ineffective by not investigating the prior guilty pleas, an ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the district court, where a full evidentia-ry hearing can be conducted, if necessary, rather than by direct appeal. State v. Taylor, 04-846 (La.App. 5 Cir. 10/26/04), 887 So.2d 589, 595. However, when the record contains sufficient evidence to rule on the merits of the claim, and the issue is properly raised in an assignment of error on appeal, it may be addressed in the interest of judicial economy. Id, We conclude that since the same conviction was not used in the underlying offense as was used in the multiple bill, trial counsel was not ineffective for failure to investigate this issue.
Defendant’s pro se assignments of error are without merit..
TERRORS PATENT
Defendant requests an error patent review. We have reviewed the record for errors patent according to the mandates of La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v, Weiland, 556 So.2d 175 (La.App. 5 Cir.1990) and find none which require corrective action.
CONCLUSION
For the above discussed reasons,. the defendant’s convictions and sentences are affirmed.
CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED

. The original bill of information also listed, as a previous offense that defendant had been convicted of, burglary in violation of La. R.S. 14:62 in case, number 00-5227 of Division E in the 24th Judicial District Court of Jefferson Parish. The bill of information was amended *836 to delete this conviction as a basis for defendant's charge of convicted felon in possession of a firearm. This conviction, burglary in violation of La. R.S. 14:62 in case number 00-5227, Division E in the 24th Judicial District Court of Jefferson Parish, was later used as the predicate conviction in the multiple offender bill charging defendant as a second felony offender,

. In Baker, the Louisiana Supreme Court held that a the State could not use the same underlying felony conviction to prosecute defendant for a violation of La. R.S. 14:95.1, and then seek enhancement of the sentence by charg *837 ing defendant as a habitual offender. Baker, 970 So.2d at 957.