STATE OF LOUISIANA

VERSUS

JONTREAL A. FISHER

NO. 19-KA-488

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 18-5271, DIVISION "C"
HONORABLE JUNE B. DARENSBURG, JUDGE PRESIDING

June 24, 2020

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

**CONVICTIONS AFFIRMED; SENTENCES ON COUNTS ONE AND
TWO AFFIRMED; SENTENCE ON COUNT THREE VACATED;
REMANDED FOR RE-SENTENCING ON COUNT THREE.**
   **SMC**
   **FHW**
   **JGG**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Thomas J. Butler
     Andrea F. Long
     Tucker H. Wimberly

COUNSEL FOR DEFENDANT/APPELLANT,
JONTREAL A. FISHER
     Prentice L. White

**CHEHARDY, C.J.**

In this appeal, defendant, Jontreal A. Fisher, appeals his convictions and sentences for possession with a firearm by a convicted felon, possession of heroin weighing less than two grams, and possession with intent to distribute cocaine weighing less than twenty-eight grams. For the following reasons, we affirm defendant's convictions and defendant's sentences on counts one and two. We vacate defendant's sentence on count three and remand for resentencing.

**Procedural History**

On August 20, 2018, the Jefferson Parish District Attorney filed a bill of information charging defendant, Jontreal Fisher, with possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1 (count one), possession of heroin weighing less than two grams, in violation of La. R.S. 40:966(C) (count two), and possession with intent to distribute cocaine weighing less than twenty-eight grams, in violation of La. R.S. 40:967(A) (count three). At his arraignment on August 22, 2018, defendant pled not guilty. Thereafter, on April 22, 2019, the matter came before the court for a pre-trial conference,[1] at which time defendant withdrew his former not guilty pleas and entered a plea of guilty as charged to all counts. Later, on that same date, after defendant waived sentencing delays, the trial court sentenced defendant in conformity with the plea agreement to serve twenty years imprisonment at hard labor for without benefit of parole, probation, or suspension of sentence on count one, four years imprisonment at hard labor on count two, and twenty years imprisonment at hard labor on count three.[2] The trial court ordered the sentences to run concurrently and for defendant to pay various fines and fees.

---

[1] The record indicates that a jury trial of the matter was scheduled to commence on October 23, 2019.

[2] As part of the plea agreement, the State agreed not to file a multiple offender bill of information against defendant.

One week after sentencing, on April 29, 2019, defendant filed a *pro se* pleading entitled, "Ineffective of Counsel for Failures [sic] to Investigate Insanity Defense," which the trial court denied on May 2, 2019. Defendant filed a timely *pro se* motion to appeal on May 10, 2019, which was granted. The instant appeal followed.[3]

**Factual Background**

Because defendant pled guilty, the underlying facts were not fully developed at a trial. Nevertheless, the State alleged in the bill of information that on or about July 19, 2018, defendant violated La. R.S. 14:95.1, in that he did have in his possession a firearm, to wit: a Stoeger Cougar 8000 semi-automatic handgun, SN: T6429-10A005508, having previously been convicted of possession of cocaine, in violation of La. R.S. 967(C), under case number 2008-CR-173 on April 29, 2009, in the 40th Judicial District Court in St. John the Baptist Parish. The State also alleged that on or about July 19, 2018, defendant violated La. R.S. 40:966(C), in that he did knowingly or intentionally possess a controlled dangerous substance, heroin weighing less than two grams. The State further alleged that on or about July 19, 2018, defendant violated La. R.S. 40:967(A), in that he did knowingly or intentionally possess with the intent to distribute a controlled dangerous substance, cocaine weighing less than twenty-eight grams. All of these offenses occurred while defendant was in Jefferson Parish.

**Assignments of Error**

Defendant alleges that the trial court committed reversible error when it accepted defendant's guilty plea and waiver of constitutional rights form despite having been informed by defendant of the ineffective assistance of his trial

---

[3] The record reflects that at the time defendant withdrew his guilty pleas and entered pleas of guilty for the charges at issue in the instant matter (18-5271), there were three other cases also before the trial court involving other felony and misdemeanor charges to which defendant also withdrew his former not guilty pleas and entered pleas of guilty and for which he was sentenced; namely, 18-979, 18-1270, and 18-5356. The instant appeal involves only those convictions and sentences rendered in 18-5271.

counsel, who had not conducted any investigation into the specific facts of defendant's case prior to advising him to sign a plea agreement with the State.

**Law and Discussion**

Defendant avers that prior to entering his guilty pleas, he advised the trial court that his counsel had failed to conduct any investigation into the facts surrounding his arrest before counsel approached him about pleading guilty and signing the plea agreement. Specifically, defendant claims that he had never met with defense counsel about his case before being advised that he needed to enter a guilty plea because defense counsel would not be able to lodge a credible defense against the offenses for which defendant was charged. Defendant also claims that after having advised the trial court of this, the trial court did not inquire of defense counsel the validity of defendant's contention, but rather, directed defendant to decide whether he wanted to enter a guilty plea or proceed to trial. Defendant contends that, because the trial court was not sensitive to his concerns, he elected to enter guilty pleas without an honest assessment of the validity of the State's case against him by his legal counsel. Defendant concludes that because he received ineffective assistance of counsel, the trial court erred in accepting his guilty pleas, and he is entitled to withdraw them.

In response, the State claims that defendant availed himself of a highly favorable plea agreement, the terms of which he was presented with at a pre-trial conference on the morning of trial. Further, the State argues that the trial court fulfilled its responsibilities in regard to acceptance of defendant's guilty pleas. Also, the State contends that the record of the proceedings reflects neither deficient performance nor prejudice in regard to the performance of defense counsel.[4]

---

[4] The State points out in its brief on appeal that while defendant's assigned error alleges error on the part of the trial court in accepting defendant's guilty pleas, in his brief, defendant advances an argument pertaining to the alleged ineffectiveness of his trial counsel. Consequently, the State submits that pursuant to Uniform Rules–Courts of Appeal, Rule 2–12.4, any alleged deficiency on the part of the trial court in accepting defendant's guilty pleas has been abandoned. *See State v. Lauff*, 06-717 (La. App. 5 Cir. 2/13/07), 953 So.2d 813, 819.

### *Trial Court's Acceptance of Defendant's Guilty Pleas*

Defendant contends the trial court committed reversible error in accepting his guilty pleas. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. *State v. Turner*, 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. *State v. McCoil*, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the *Boykin* colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. *Id*.

A plea of guilty by its nature admits factual guilt and relieves the State of the necessity to prove it by a contested trial. Therefore, a defendant cannot challenge the sufficiency of the evidence after he pleads guilty. *State v. Smith*, 07-815 (La. App. 5 Cir. 3/11/08), 982 So.2d 821, 824 n.3, *writ denied*, 08-927 (La. 11/14/08), 996 So.2d 1088. A validly entered guilty plea, or plea of *nolo contendere*, waives any right a defendant might have had to question the merits of the State's case and the factual basis underlying the conviction. *State v. Bourgeois*, 406 So.2d 55 (La. 1981); *State v. Lemon*, 05-567 (La. App. 5 Cir. 2/14/06), 923 So.2d 794, 779.

Louisiana Code of Criminal Procedure art. 556.1 sets forth the duties of the trial court with respect to guilty pleas involving felonies. It states, in pertinent part:

> A. In a felony case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
>
> (1)    The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by

law, if any, and the maximum possible penalty provided by law.

(2)     If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if financially unable to employ counsel, one will be appointed to represent him.

(3)     That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself.

(4)     That if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial.

B. In a felony case, the court shall not accept a plea of guilty or nolo contendere without first addressed the defendant personally in open court and determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement.

C. (1)     The Court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the district attorney and the defendant or his attorney. If a plea agreement has been reached by the parties, the court, on the record, shall require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered.

(2)     The Court shall further inquire of the defendant and his attorney whether the defendant has been informed of all plea offers made by the state.

D. In a felony case a verbatim record shall be made of the proceedings at which the defendant enters a plea of guilty or nolo contendere.

E. Any variance from the procedure required by this Article which does not affect substantial rights of the accused shall not invalidate the plea.

La. C.Cr.P. art. 556.1.

In the instant case, the record shows that at the pre-trial hearing on April 22, 2019, the State represented that it was prepared to enter into a negotiated plea

agreement with defendant for a "no bill on all counts." Thereafter, the trial court, the State, and defense counsel engaged in a lengthy discussion regarding the various sentences defendant would receive if he pled guilty, as well as defendant's potential fourth felony offender status.

Because defendant wanted to personally address the trial court, he was sworn in and proceeded to tell the trial court that his attorney never came and spoke to him about his case, that his attorney told him that if he was to go to trial that he would lose, and complained that he was being offered the maximum sentences. The trial judge explained to defendant that he was being offered the maximum sentence on the possession of a firearm by a convicted felon charge. The trial judge further expressed that she did not know what was going on with defendant and his counsel or why they had not spoken, but that he needed to have a conversation with his counsel. The trial judge advised defendant of the sentencing ranges for the offenses for which he was charged and the actual sentences he would receive if he pled guilty. The trial judge noted that the sentences being offered were only being offered that day. She stressed that if defendant was not interested in the plea agreement, it was his choice as to how he wanted to move forward, and that he had the right to plead guilty or to go to trial.

Defense counsel asked for clarification as to whether the trial judge intended to run the sentences consecutive to the sentences defendant was currently serving should he proceed to trial. The trial judge responded that she would not punish defendant for going to trial, that she had not yet heard anything, and that she was not saying that she would or would not give defendant the same sentences being offered that day if he chose to proceed to trial.

The State noted that if it had filed a multiple bill, defendant would be a fourth-felony offender. The trial judge advised defendant that, under those circumstances, he would be facing twenty years to life imprisonment if convicted,

but that he was being offered twenty years that day, which would actually be the minimum on a multiple bill. Following a discussion between defendant and his counsel, defense counsel represented to the court that defendant was requesting that the plea be entered under *North Carolina v. Alford*.[5] The State replied that was not acceptable, so the trial judge denied defendant's request and noted defense counsel's objection. After asking the trial judge if he had any rights, the trial judge again emphasized to defendant that he had the right to move forward as he saw fit. He had the right to go to trial or to plead guilty; it was his choice.

Defendant then announced that he was "going to take it." Specifically, he stated, "I'm going to be able to do so I can get out, get out this courtroom." The trial judge asked defendant to explain what he wanted to do, and he said, "Whatever I have to do, whatever I just signed." The trial judge advised that she had the *Boykins* in front of her if he intended to plead guilty, to which defendant indicated that this was his desire. Thereafter, defense counsel apprised the court that defendant was withdrawing his former not guilty pleas, and was entering guilty pleas on all counts in each of the four separate cases that were before the trial court that day.

With defendant's intention to plead guilty having been established, the trial court proceeded to advise defendant of the nature of the offenses to which he was pleading guilty, and again advised defendant of the sentencing range exposures of the charges against him.[6] Defendant acknowledged that his counsel had advised him of his rights and had reviewed with him the rights that he was waiving by pleading guilty. The trial court reiterated that the decision whether to plead guilty

---

[5]   *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

[6]   The record show that, although defendant was correctly informed of the sentencing ranges for the offenses on counts one and two, the trial court incorrectly advised defendant of the sentencing range on count three, possession with the intent to distribute cocaine weighing less than twenty-eight grams, which carries a range of one to ten years. This error does not affect the voluntariness of defendant's guilty plea since defendant would receive a lesser sentence than the sentence to which he agreed. This will be discussed *infra* in the discussion on errors patent review.

was defendant's and that no one could force him to plead guilty. Defendant confirmed that no one had used any force, intimidation, coercion, promises, or reward for the purpose of making or forcing him to plead guilty. After noting that she was "entirely satisfied that the defendant was aware of the nature of the crimes to which he [was pleading] guilty," that he acknowledged that he "did, in fact, commit said crimes, underst[ood] the consequences of said pleas of guilty and ha[d] made a knowingly, intelligent, free and voluntary act of pleading guilty" to the crimes for which he was charged, and that there was a factual basis for the acceptance of the pleas, the trial judge accepted defendant's guilty pleas.

Our thorough review of the record reveals no constitutional infirmity or any irregularity in the trial court's acceptance of defendant's guilty pleas that would render them invalid. The record shows that, while defendant was obviously displeased with the consequences he was facing for his actions, he was aware he was pleading guilty as charged to possession of a firearm by a convicted felon, possession of heroin weighing less than two grams, and possession with intent to distribute cocaine weighing less then twenty-eight grams. On the waiver of rights form signed by defendant, as well as during the *Boykin* colloquy, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination. Defendant acknowledged that his counsel had reviewed with him the waiver of rights form and that the form bore his signature. Defendant placed his initials next to individual advisals of his rights and placed his signature at the end of the waiver of rights form, indicating that he understood that he was waiving these rights. Defendant also articulated to the trial court during the colloquy that he understood he was waiving his rights by pleading guilty.

Further, the record shows that defendant was informed that his guilty pleas could be used to enhance penalties for future convictions. Defendant confirmed

that he had not been forced, coerced, or intimidated into entering his guilty pleas. He represented to the court that he had graduated from high school.

We find that the trial court did not err in accepting defendant's guilty pleas as the record supports that they were freely and voluntarily made, and that defendant was sentenced in accordance with the plea agreement. Additionally, defendant received a great benefit from pleading guilty in that the State agreed not to multiple bill him, and the sentences were ordered to run concurrently. We find no error in the trial court's acceptance of defendant's guilty pleas.

### Ineffective Assistance of Counsel

Defendant also argues that his counsel provided ineffective assistance during the guilt phase of his case because he failed to fully investigate the case prior to advising defendant to plead guilty. The Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution safeguard a defendant's right to effective assistance of trial counsel. *State v. Thomas*, 12-1410 (La. 9/4/13), 124 So.3d 1049, 1053. When the issue of ineffective assistance of counsel is raised, the claim is evaluated under the test set forth in *Strickland v. Washington*, where the defendant must prove: (1) that his counsel's performance was deficient, *i.e.*, that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) that the deficient performance prejudiced the defense, *i.e.*, that the errors were so serious as to deprive the defendant of a fair trial. 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). "As a general matter, a defendant alleging a Sixth Amendment violation must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Garcia*, 09-1578 (La. 11/16/12), 108 So.3d 1, 30, quoting *Strickland*, 466 U.S. at 694. According to *Strickland*, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

The United States Supreme Court has held that the two-prong test set forth in *Strickland* applies to claims arising out of the plea process:

> In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollet v. Henderson*, *supra*, and *McMann v. Richardson*, *supra*. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 371, 88 L.Ed.2d 203 (1985) (internal footnotes omitted).]

Of significance, a defendant must prove both the *Strickland* elements to establish that his counsel was so ineffective as to require reversal. *State v. Hongo*, 96-2060 (La. 12/2/97), 706 So.2d 419, 422. As the United States Supreme Court has set forth, "[j]udicial scrutiny of counsel's performance must be highly deferential," and a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689-690. Notably, "it is necessary to 'judge … counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993), quoting *Strickland*, 466 U.S. at 690. Furthermore, "[g]eneral statements and conclusory allegations will not suffice to prove a claim of ineffective assistance of counsel." *State v Celestine*, 11-1403 (La. App. 3 Cir. 5/30/12), 91 So.3d 573, 579.

An ineffective assistance of counsel claim generally is most appropriately addressed through an application for post-conviction relief filed in the district court, where a full evidentiary hearing can be conducted if necessary, rather than

by direct appeal. *State v. Julien*, 17-57 (La. App. 5 Cir. 9/13/17), 225 So.3d 1197, 1202. However, when the record on appeal contains sufficient evidence to rule on the merits of the claim and the issue is properly raised in an assignment of error on appeal, the claim may be addressed in the interest of judicial economy. *State v. Boston*, 14-632 (La. App. 5 Cir. 12/16/14), 167 So.3d 82, 88. "Where the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings under La. C.Cr.P. art. 924-930.8." *State v. Taylor*, 04-346 (La. App. 5 Cir. 10/26/04), 887 So.2d 589, 595.

In *State v. Mitchell*, 08-629 (La. App. 5 Cir. 1/13/09), 7 So.3d 744, 749-50, *writ denied*, 09-254 (La. 10/30/09), 21 So.3d 270, the defendant argued that defense counsel failed to properly inform him of the consequences of his plea, failed to investigate his case, and failed to file pre-trial motions to suppress. This Court found that the record was insufficient to allow a review of the defendant's ineffective assistance claims on appeal because his convictions resulted from a guilty plea, and the only transcript in the record was that of the plea hearing. *Id.*, 7 So.3d at 750. This Court further found that based on the limited record on appeal, whether counsel adequately investigated and prepared the defendant's case or was deficient in failing to file suppression motions, would be more appropriately raised in an application for post-conviction relief in the district court, where a full evidentiary hearing could be conducted, and the defendant could present evidence to support his allegations. *Id.*

Similarly, in *State v. Kron*, 07-1024 (La. App. 5 Cir. 3/25/08), 983 So.2d 117, 123, *writ denied*, 08-813 (La. 10/24/08), 992 So.2d 1039, the defendant argued that his attorneys were ineffective because they failed to investigate his case or to formulate a defense to prove his innocence. In his brief on appeal, the defendant set forth facts and witnesses he claimed could have discredited the

version of events presented by the police. He claimed that his attorneys should have filed a motion to suppress, because his arrest and the subsequent discovery of evidence were the result of an illegal investigatory stop. On review, this Court found that the record was insufficient to address the defendant's claims of ineffective assistance of counsel, because his conviction resulted from a guilty plea and the only transcript in the record was that of the plea hearing. *Id.*, 983 So.2d at 123.

In the present case, considering that defendant's conviction resulted in a guilty plea and the only transcript in the record pertaining to this case is that of the plea hearing, we find that the record is insufficient to fully explore defendant's claim, which included that his trial counsel was ineffective for failing to adequately investigate and prepare defendant's case, and ineffective during the guilt phase of his case.[7] Based on the limited record on appeal, we find that defendant's ineffective assistance of counsel claims would be more appropriately raised in an application for post-conviction relief in the trial court, where a full evidentiary hearing can be conducted, if necessary, and defendant can present evidence to support his allegations. *See State v. Martin*, 14-671 (La. App. 5 Cir. 12/23/14), 167 So.3d 813; and *State v. Johnson*, 18-294 (La. App. 5 Cir. 1/16/19), 264 So.3d 593.

**Errors Patent Review**

The record was reviewed for errors patent in accordance with La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990). We note two errors, only one of which requires corrective action.

---

[7] The record does contain a transcript from a 404(B) motion hearing, however that motion involved case number 16-6832 and case number 18-0979. According to the transcript of that proceeding, at the time of that hearing held on September 20, 2018, no motions had been filed in the instant case.

A review of the record reveals that although defendant was correctly informed of the sentencing ranges for the offenses on counts one and two, the trial court incorrectly advised defendant of the sentencing range on count three, possession with intent to distribute cocaine weighing less than twenty-eight grams, in violation of La. R.S. 40:967(A). Specifically, the court advised defendant that the penalty range for this count was ten to thirty years at hard labor. La. R.S. 40:967(B)(1)(a) provides that an individual who is convicted of possession with intent to distribute cocaine weighing less than twenty-eight grams shall be imprisoned, with or without hard labor, for not less than one year nor more than ten years. The trial court sentenced defendant on count three to imprisonment at hard labor for twenty years. Consequently, we find defendant received an illegal sentence on count three as he was sentenced to ten years more than the term allowed by law. Pursuant to La. C.Cr.P. art. 882, an appellate court may correct an illegal sentence at any time, when the exercise of sentencing discretion is not involved. *State v. Mason*, 10-284 (La. App. 5 Cir. 1/11/11), 59 So.3d 419, 430, *writ denied*, 11-306 (La. 6/24/11), 64 So.3d 216. In light of the discretion permitted by this statute, we vacate defendant's sentence on count three and remand the matter to the district court for resentencing in accordance with La. R.S. 40:967(B)(1)(a). *See* La. C.Cr.P. art. 881.4(A); *State v. Smith*, 18-142 (La. App. 5 Cir. 9/29/18), 253 So.3d 1314, 1321.

In addition, the record reflects that, while the trial court imposed a general fine of $250 in connection with this case, it did not impose the mandatory fine of "not less than one thousand dollars nor more than five thousand dollars" associated with defendant's conviction on count one, possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1. Nevertheless, this Court has previously exercised its discretion to decline to correct an illegally lenient sentence in the case of an indigent defendant. *State v. Campbell*, 08-1226 (La. App. 5 Cir. 5/26/09), 15

So.3d 1076, 1081, *writ denied*, 09-1385 (La. 2/12/10), 27 So.3d 842. In the instant case, defendant is represented by the Louisiana Appellate Project, which represents indigent defendants in non-capital felony cases. Therefore, due to defendant's indigent status, we decline to remand this matter for imposition of the mandatory fine. *See State v. West*, 19-253 (La. App. 5 Cir. 12/18/19), 285 So.3d 605, 612.

We decline to address any errors noted in the State of Louisiana Uniform Commitment Order, because the trial court will prepare a new Uniform Commitment Order after re-sentencing on count three.

**DECREE**

For the foregoing reasons, we affirm defendant's convictions on all three counts, and affirm defendant's sentences on counts one and two. We vacate defendant's sentence on count three and remand for re-sentencing.

**CONVICTIONS AFFIRMED; SENTENCES ON COUNTS ONE AND TWO AFFIRMED; SENTENCE ON COUNT THREE VACATED; REMANDED FOR RE-SENTENCING ON COUNT THREE.**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JUNE 24, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-KA-488

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JUNE B. DARENSBURG (DISTRICT JUDGE)
THOMAS J. BUTLER (APPELLEE)          ANDREA F. LONG (APPELLEE)

### MAILED

PRENTICE L. WHITE (APPELLANT)
ATTORNEY AT LAW
LOUISIANA APPELLATE PROJECT
POST OFFICE BOX 74385
BATON ROUGE, LA 70874

HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TUCKER H. WIMBERLY (APPELLEE)
ASSISTANT DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053